EYDE BROTHERS DEVELOPMENT COMPANY v DEPARTMENT
OF PUBLIC HEALTH

1. COURTS—CIRCUIT COURTS—JURISDICTION—MANDAMUS—STATE OFFI-
   CERS—STATUTES—COURT RULES.

   Circuit courts do not have jurisdiction in an action for mandamus
   against a state officer (MCLA 600.4401; MSA 27A.4401, GCR
   1963, 714.1[1]).

2. COURTS—CIRCUIT COURTS—SUPERINTENDING CONTROL—INFERIOR
   TRIBUNALS.

   A circuit court has superintending control or supervisory control
   over an inferior tribunal when the circuit court has authority
   to review the actions of the inferior tribunal.

3. APPEAL AND ERROR—CIRCUIT COURT REVIEW—PUBLIC HEALTH DE-
   PARTMENT—SWIMMING POOLS—PERMITS.

   Action by the Department of Public Health in granting or deny-
   ing permits to construct and operate public swimming pools is
   not subject to review in the circuit court.

4. APPEAL AND ERROR—ADMINISTRATIVE PROCEDURES ACT—REVIEW—
   PUBLIC HEALTH DEPARTMENT—SWIMMING POOLS—PERMITS.

   Review of the actions of the Department of Public Health in
   granting or denying permits to construct and operate public
   swimming pools is not available under the Administrative
   Procedures Act.

5. COURTS—CIRCUIT COURTS—SUPERINTENDING CONTROL—PUBLIC
   HEALTH DEPARTMENT—SWIMMING POOLS—PERMITS.

   A circuit court has no superintending or supervisory control over
   the Department of Public Health in an action arising out of the
   department's allegedly improper refusal to issue a permit for
   the construction and operation of a public swimming pool.

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Mandamus § 15.
[2, 5] 20 Am Jur 2d, Courts §§ 111–117.
[3] 2 Am Jur 2d, Administrative Law § 736.
[4] 2 Am Jur 2d, Administrative Law §§ 201–208.

Appeal from Ingham, Donald L. Reisig, J. Submitted March 7, 1977, at Lansing. (Docket No. 25177.) Decided May 2, 1977. Leave to appeal denied, 401 Mich 817.

Complaint by Eyde Brothers Development Company against the Department of Public Health, Division of Engineering, for an order directing defendant to issue a construction permit for a bathhouse and swimming pool. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert Derengoski,* Solicitor General, and *Milton I. Firestone* and *Roderick T. MacGillis,* Assistants Attorney General, for defendant.

Before: QUINN, P. J., and BRONSON and M. J. KELLY, JJ.

QUINN, P. J. Defendant appeals from a circuit court judgment which enjoined it from refusing to approve plaintiff's plans and specifications and from refusing to issue permits for the construction and operation of a public swimming pool incidental to plaintiff's apartment complex.

By MCLA 325.601 *et seq.;* MSA 14.447(1) *et seq.,* defendant is responsible for the supervision of the construction and operation of public swimming pools. The act authorizes defendant to promulgate rules and regulations to carry out the provisions of the act. The rules and regulations promulgated by defendant appear as R 325.2111 through R 325.2199, Annual Administrative Code Supplement 1970–71.

Plaintiff is the owner-operator of the apartment complex to which the pool in question is incidental. Prior to April 22, 1974, plaintiff began construction of the pool and bathhouse without first obtaining the permit required by MCLA 325.606; MSA 14.447(6). On that date, the construction was not complete, and defendant discovered the statutory non-compliance. The same day defendant's sanitary engineer and a Mr. Alm of Ingham County Health Department went to the construction site with one of plaintiff's partners. They found the pool substantially completed but the bathhouse was incomplete. Mr. Eyde produced incomplete plans not prepared by a registered engineer or architect. Defendant's employee advised Mr. Eyde that the plans were unacceptable for that reason and because the plans and work in progress did not meet defendant's regulations. Defendant's employee indicated to Mr. Eyde how the plans could be modified so they could be approved and a permit issued.

On May 2, 1974, plaintiff's pool contractor brought in plans which had been prepared by a registered engineer and discussed them with defendant's employee. The latter indicated what could be done to those plans so they would be approved and a permit issued. Further conversations between defendant's employee and Mr. Eyde and Mr. Eyde and his attorney occurred on May 6 and May 21, 1974. These discussions dealt with why the plans were unacceptable and what minimum changes were required by defendant so that the plans could be approved and a construction permit issued.

On May 23, 1974, plaintiff filed a complaint for mandamus in the circuit court alleging an arbitrary and unreasonable refusal by defendant in

refusing to issue permits and praying that the court order defendant to approve the plans and specifications and to issue a construction permit for the completion of the bathhouse and swimming pool. Defendant answered and also filed a motion for accelerated judgment on the basis of the lack of jurisdiction in the circuit court to entertain a mandamus action against a state officer or agency. At a hearing on June 6, 1974, the trial court took defendant's motion for accelerated judgment under advisement, indicating that plaintiff might amend the complaint and request injunctive relief; otherwise, the motion for accelerated judgment would be granted. On June 7, 1974, the trial court entered a temporary order that plaintiff be allowed to operate the swimming pool; that the exercise room not be used, and the entire area be treated as a wet area without the wearing of shoes; that the Ingham County Health Department should test the water in the pool to assure compliance with Michigan Department of Public Health requirements; and that defendant should refrain from interfering with the operation of the swimming pool and health club so long as it was operated in compliance with said order.

The June 7, 1974 order was extended twice by order of the court until February 26, 1975. February 25, 1975, plaintiff filed an amended complaint which changed the prayer from one for mandamus to one for injunction. March 10, 1975, plaintiff filed a second amended complaint which added allegations that defendant had no authority over plaintiff's pool and bathhouse; that the statute involved is unconstitutional; that defendant's refusal to approve the plans and issue permits was arbitrary and capricious; that construction had been completed; that public health, welfare and safety would not be jeopardized by the facilities as

completed. Judgment was entered July 31, 1975, treating the complaint as an appeal from an administrative ruling, reversing defendant's decision as arbitrary, capricious and unreasonable and ordering defendant not to refuse plaintiff's application for an operation permit.

The trial court was without jurisdiction to grant the order of June 7, 1974 because circuit courts do not have jurisdiction in mandamus against a state officer, MCLA 600.4401; MSA 27A.4401; GCR 1963, 714.1(1), and defendant's motion for accelerated judgment should have been granted. Pursuant to GCR 1963, 820.1(7), we grant that motion.

We find that subsequent attempts to resuscitate this invalid litigation by way of amendments to the complaint to bring it within the GCR 1963, 711 superintending control power of the circuit court were ineffective. The existence of that power depends on whether the circuit court has superintending or supervisory control power over the inferior tribunal. The circuit court has superintending or supervisory control power over an inferior tribunal when the former has authority to review the actions of the latter. MCLA 325.601 *et seq.;* MSA 14.447(1) *et seq.* does not provide for review by the circuit court of actions by defendant in granting or denying permits to construct and operate public swimming pools. Review of such actions cannot be had under the Administrative Procedures Act, *Kelly Downs, Inc v Racing Commission,* 60 Mich App 539; 231 NW2d 443 (1975). We find no authority for the circuit court to review the actions of defendant and the circuit court had no superintending or supervisory control power over defendant.

Reversed and remanded for entry of accelerated judgment for defendant but without costs.