GENESEE INTERMEDIATE SCHOOL DISTRICT v GENESEE
CIRCUIT JUDGE

1. TAXATION—REAL ESTATE TAXES—PERSONAL PROPERTY TAXES—
   EQUALIZED VALUE—COUNTY BOARD OF COMMISSIONERS—APPEAL
   AND ERROR—GENERAL PROPERTY TAX ACT—STATE TAX COMMIS-
   SION—TAX TRIBUNAL.

   Taxes shall be levied and collected upon the equalized value of
   property as determined by the county board of commissioners
   where a final determination of the equalized value of property
   within the county is delayed as a result of an appeal taken
   pursuant to the General Property Tax Act and pending before
   the State Tax Commission or the Tax Tribunal; adjustments in
   the amount of such levies may be required following the
   decision on appeal (MCLA 211.39a; MSA 7.80[1]).

2. ACTION—SUPERINTENDING CONTROL—STANDING—FAILURE TO SHOW
   INJURY.

   A plaintiff lacks standing to bring a complaint for superintending
   control where no injury to the plaintiff is shown.

Complaint in the Court of Appeals. Submitted
June 24, 1977, at Lansing. (Docket Nos. 27298–99.)
Decided September 6, 1977.

Original action in the Court of Appeals by the
Genesee Intermediate School District seeking an
order for superintending control to have certain
orders of the Genesee County Circuit Court de-
clared void and for other relief. William F. Dela-
ney, Grand Blanc Township Supervisor, and Don-
ald L. Parks, Davison Township Supervisor, inter-
vened as defendants. The orders are set aside as
void.

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, State and Local Taxation §§ 799–801.
[2] 2 Am Jur 2d, Administrative Law §§ 575, 576.

*Thrun, Maatsch & Nordberg,* for plaintiff.

*Lattie, Hamilton, Anastor & Austin,* for intervening defendants.

Amicus Curiae: *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Lawrence W. Morgan,* Assistants Attorney General.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

QUINN, J. This complaint for superintending control resulted from certain orders made by the trial judge in other litigation. The other litigation was filed by the supervisors of Grand Blanc and Davison Townships against the county and its treasurer on the following facts:

On May 5, 1975, the Genesee County Board of Commissioners adopted equalization ratios and estimated multipliers to compute the individual equalized valuation of real and personal property located within the constituent municipal units of Genesee County. The commissioners also arrived at an equalized value for county property of $2,050,286,417. On June 3, 1975, the State Tax Commission established a total state equalized value of $2,229,208,234 on Genesee County property. Later that month the commissioners appealed the state equalized value to the Michigan Tax Tribunal.

In July 1975, the City of Flint filed an appeal with the Tax Tribunal challenging its county equalization ratio. This appeal is still pending before the tribunal.

By late August, the Genesee County Board of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Commissioners decided to withdraw its Tax Tribunal appeal, and on September 16, 1975, the commissioners entered into a stipulation with the State Tax Commission whereby they agreed to accept a total state equalized value of $2,229,208,-234.

During October 1975, the Genesee County commissioners met and spread county taxes based upon the state equalized valuation. The commissioners then directed that tax bills be prepared for the various taxing units within the county reflecting the state equalized value of each taxpayer's property. December 8 and 9, 1975, the supervisors of Grand Blanc and Davison Townships commenced action in the Genesee County Circuit Court against the county and its treasurer seeking orders requiring preparation of tax statements using the county equalized value rather than the state equalized value. These actions were based on the provisions of MCLA 211.39a; MSA 7.80(1), the pertinent portion of which reads:

"If the determination of the equalized value is delayed as a result of an appeal taken pursuant to this act and pending before the tax commission or the tax tribunal, the assessing officer shall levy taxes upon the equalized value of property as determined by the county board of commissioners which is being reviewed by the tax commission or tax tribunal. The payment of taxes thusly levied, hereinafter called the 'tentative levy', shall not constitute a final and ultimate discharge of the taxpayer's obligation * * * ."

Initially the trial judge issued two orders granting the supervisor-plaintiffs the relief sought. Prior to the stay order issued by this Court, the trial judge ordered similar relief for Fenton and Flushing Townships and the City of Grand Blanc. Some taxes have been paid on the basis of the state equalized value and some on the basis of the county equalized value.

The clear intent of MCLA 211.39a; MSA 7.80(1), is to assure that taxes can be levied and collected while an equalization appeal is pending, with required adjustment resulting from the decision on the appeal to follow the appeal. The orders of the trial judge here under attack ordered done what the statute requires. If the board of commissioners had followed the statute, at least two lawsuits and a temporary unequal tax situation in the county would have been avoided.

The standing of plaintiff to bring this action has been questioned, and we find it to be properly questioned. Plaintiff has shown no facts whereby it was injured, *Inglis v Public School Employees Retirement Board*, 374 Mich 10; 131 NW2d 54 (1964). Plaintiff will ultimately receive the share of taxes to which it is entitled, but until the appeal is decided, MCLA 211.39a; MSA 7.80(1), limits the amount of taxes to that raised on the county equalized valuation. Plaintiff lacks standing. However, having assumed jurisdiction, we shall dispose of the case.

Although the orders of the trial judge did no more than what MCLA 211.39a; MSA 7.80(1), required to be done, they are void. The trial court had no jurisdiction of this matter, *Emmet County v State Tax Commission*, 397 Mich 550; 244 NW2d 909 (1976).

Ordered:

1. All orders heretofore issued by the trial judge in Genesee County Circuit Court files 75-38100(PZ), 75-38108(PZ) and in any similar actions are set aside as void.

2. The trial judge shall issue no more orders in any of these cases and they shall stand dismissed for lack of jurisdiction.

All other relief is denied. No costs due to the public question involved.