HENDRICKS v STERLING HEIGHTS POLICE AND FIRE
DEPARTMENT CIVIL SERVICE COMMISSION

Docket Nos. 77-4380, 77-4381. Submitted June 21, 1978, at Detroit.—
Decided September 19, 1978. Leave to appeal applied for.

Carl Timm, a Sterling Heights police officer, was suspended from
his employment. He appealed to the Police and Fire Depart-
ment Civil Service Commission of the City of Sterling Heights.
The commission ruled the suspension improper and ordered
that Timm be reinstated. Leonard Hendricks, Sterling Heights
City Manager, filed a complaint for superintending control in
circuit court, seeking reversal of the commission's ruling. Timm
intervened as a party defendant. The Macomb Circuit Court,
Raymond R. Cashen, J., reversed the decision of the commis-
sion and remanded the matter to the commission for further
proceedings. Timm and the commission each appeal, Timm
alleging that the statute allows for appeal to circuit court only
for an aggrieved employee while Hendricks alleges that he is
given the right to appeal by the Michigan Constitution. The
Court of Appeals consolidated the appeals for hearing and
decision. *Held:*

The city manager, as a city officer, has no standing to appeal
a decision of the city's civil service commission established
under the firemen's and policemen's civil service act. The
statute which enables municipalities to establish such civil
service commissions allows for appeals of a commission's deci-
sion only by the aggrieved employee. The decision of the
commission is intended by the Legislature to be the final
decision of the city. The circuit court's order was therefore void.

Vacated, and the decision of the commission is reinstated.

1. Municipal Corporations—Civil Service Commissions—Firemen
—Policemen—City Manager—Appeal and Error—Statutes.

A city manager does not have standing to appeal to circuit court
a decision of the city's civil service commission concerning the
removal of a city fireman or policeman; such an appeal is
provided by statute for the aggrieved employee but the Legisla-

Reference for Points in Headnotes
[1, 2] 15A Am Jur 2d, Civil Service § 81.

ture intended that a decision by the civil service commission should be the final decision of the city, and therefore a city officer may not appeal the commission's decision (MCL 38.514; MSA 5.3364).

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSIONS—ADMINISTRATIVE PROCEDURES ACT—CITY MANAGER—STATUTES.

The Administrative Procedures Act does not directly apply to local civil service commission proceedings, but may be applied by analogy in certain cases; a city manager, as a member of the agency which is engaged in the suspension from employment of a city police officer, is not a "person" within the meaning of the Administrative Procedures Act and therefore lacks standing to seek judicial review of a decision of the city's civil service commission (MCL 24.301, 24.205[4]; MSA 3.560[201], 3.560[105][4]).

*Stewart, O'Reilly, Cornell, Lascoe & Rancilio, P. C.* (by *Frederick M. Cross, Jr.* and *Paul J. O'Reilly*), for plaintiff.

*Emil E. Cardamone,* for the Sterling Heights Police and Fire Department Civil Service Commission.

*Thomas W. Jakuc,* for Carl Timm.

Before: D. C. RILEY, P. J., and M. F. CAVANAGH and B. M. HENSICK,* JJ.

B. M. HENSICK, J. Intervening defendant, Officer Carl Timm, employed by the Sterling Heights Police Department, was suspended from his job. He appealed to defendant Civil Service Commission of the City of Sterling Heights. The commission ruled that the suspension was improper and ordered that Officer Timm be reinstated with back pay and that no charges be officially recorded.

Plaintiff, Sterling Heights City Manager, filed a complaint for superintending control in Macomb

---

* Circuit judge, sitting on the Court of Appeals by assignment.

County Circuit Court seeking reversal of defendant's decision. The trial court reversed the commission, stating that it had committed an error of law in ruling that Officer Timm's suspension was improper.

The issue here involves a section of the firemen and policemen civil service act, 1935 PA 78; MCL 38.501 *et seq.;* MSA 5.3351 *et seq.* Section 14 of that act provides in relevant part:

"In event that the civil service commission shall sustain the action of the removing officer the person removed shall have an immediate right of appeal to the circuit court of the county wherein the city, village or municipality is situated. * * * The circuit court's decision shall be final, saving the employee, however, the right to petition the supreme court for a review of the court's decision. The removing officer and the person sought to be removed shall at all times, both before the civil service commission and upon appeal, be given the right to employ counsel to represent either of them before said civil service commission and upon appeal; should the person removed elect to appeal to the circuit court as hereinbefore provided."

Defendant Timm contends that this section provides for appeal only by the aggrieved employee. Plaintiff argues that, although § 14 makes no mention of the city's right to appeal an adverse ruling by defendant commission, Const 1963, art 6, § 28 gives him this right. That constitutional provision makes all final decisions of administrative officers, which are judicial or quasi-judicial and affect private rights, subject to direct review by the courts as provided by law.

The resolution of this appeal does not require an interpretation of Const 1963, art 6, § 28. Rather, the decisive question is whether plaintiff has standing to appeal a decision of the city's Civil

Service Commission. "Only a person with a 'legal standing' can resort to the courts for relief from action of an administrative agency, whether the party resorting to the court avails himself of a statutory or nonstatutory remedy." 2 Am Jur 2d, Administrative Law, § 575, p 393. We conclude that plaintiff lacked standing to obtain review in the circuit court, and therefore, the circuit court's order was void.

The courts of this state have not addressed the precise question of a governmental officer's standing to contest the decision of an appeal board which reviews his decision. The majority of other courts which have addressed this issue have concluded that an administrative officer lacks standing to appeal the decision of a reviewing agency.

"The weight of authority negatives the right of an administrative officer of a governmental entity, or even the governmental entity or any representative thereof, to attack or avoid the decision of an agency of such governmental entity, which is authorized to review and reverse the determination of such administrative officer and does review and reverse that determination, except to the extent that legislation gives such administrative officer, the governmental entity or its representative the right to do so." (Citations omitted.)

*State ex rel Broadway Petroleum Corp v City of Elyria,* 18 Ohio St 2d 23, 29; 247 NE2d 471 (1969), see also *Mead v Dept of Health, Welfare & Rehabilitation, Services to the Blind Div,* 91 Nev 152; 532 P2d 611 (1975), *Pritchard v Div of Vocational Rehabilitation, Dept of Health & Social Services,* 540 P2d 523 (Wy, 1975).

In the instant case, the city's Civil Service Commission was authorized to review and reverse the determination of the city manager regarding Officer Timm's suspension. The City of Sterling Heights has adopted by ordinance the provisions of

1935, PA 78. The title to this act provides in relevant part:

"AN ACT to establish and provide a board of civil service commissioners in cities, villages and municipalities having full paid members in the fire and/or police departments; * * * to regulate the transfer, reinstatement, suspension and discharge of said officers, firemen and policemen * * * ."

Section 2 of the act provides that the Civil Service Commission shall consist of three members, one to be appointed by the principal elected officer of the city with approval of the legislative body, the second to be elected by a majority vote of the fire and/or police department members, and the third member to be selected by the other two members. Thus, the Legislature saw fit to make the Civil Service Commission, comprised of three members with variable backgrounds and allegiances, ultimate guardian of the firemen's and policemen's interest at the administrative level, as opposed to a single individual such as the city manager. *Kansas City v Reed,* 546 SW2d 727 (Mo App, 1977). The fact that the Legislature was silent regarding appeals by the city, while it specifically addressed appeals by the removed party, is significant. It indicates that, in drafting the statute, the Legislature considered the decision of the Civil Service Commission as a final decision of the city and thus the city would not appeal its own decision.

The act provides for significant ties between the city and the commission. Section 9 provides that the commission shall make an annual report to the mayor and that any suggestions for changes in the commission shall be made to the mayor in this

report. Section 8 provides that it is the duty of the city to aid the commission in carrying out the provisions of this act, including providing offices, supplies and printing services. The city clerk is the "ex officio" clerk of the commission (§ 5), and the city attorney represents the commission in legal matters. (In this matter, independent counsel was obtained to advise defendant Civil Service Commission.) In addition, § 4 provides that the mayor "shall at any time remove any commissioner for incompetency, dereliction of duty, malfeasance in office or any other good cause". The removal is for a period of 10 days and if at the end of the 10-day period the commissioner fails to answer, he is deemed removed; otherwise the statute provides that the mayor shall file a petition in the circuit court for confirmation of the removal.

The city manager, in discharging employees, is acting in an executive or administrative capacity on behalf of the city, and the Civil Service Commission, in its review of the city manager's actions as an agency established by the city, is moving within the ambit of the same function. It was not legislatively intended that governmental agencies become adversaries. *Lee v Civil Aeronautics Board,* 96 US App DC 299; 225 F2d 950 (1955). To serve its purpose the Civil Service Commission must have final authority. Otherwise it will face constant judicial appellate review from persons not adversely aggrieved in their personal capacities. *Mead v Dept of Health, Welfare & Rehabilitation, Services to the Blind Div, supra.*

Of particular significance are the decisions of the Missouri Supreme Court. Missouri has a constitutional provision substantially identical to Const 1963, art 6, § 28. See *Viculin v Dept of Civil Service,* 386 Mich 375, 384, n 10; 192 NW2d 449

(1971); 1 Official Record, Constitutional Convention, 1440–1452, 1463–1478, 1483–1487.

In *Kansas City v Reed, supra,* the Director of Liquor Control denied a bartender's application for renewal of a license. The Liquor Control Board of Review reversed the decision of the director. The director and the city then sought review in circuit court under the Missouri Administrative Procedures Act, and the court reversed the board's decision and reinstated the decision of the director.

On appeal, the Missouri Court of Appeals reversed the circuit court for lack of jurisdiction. The Court observed that the constitution gave a right of review of administrative decisions as provided by the legislature, under the same constitutional provision noted previously which is similar to art 6, § 28, but that without express statutory authority, no review of administrative action was provided for political subdivisions of the state. The Court further noted, p. 733, citing *Mortensen v Pyramid Savings & Loan Ass'n of Milwaukee,* 53 Wis 2d 81; 191 NW2d 730 (1971), "[u]nless the statute expressly so provides, an aggrieved party is one outside the decisional process who is directly affected". See, also: *Kostman v Pine Lawn Bank & Trust Co,* 540 SW2d 72 (Mo, 1976), *State ex rel Rouveyrol v Donnelly,* 365 Mo 686; 285 SW2d 669 (1956), *Scearce v Simmons,* 294 SW2d 673 (Mo App, 1956).

We note that under the provisions of the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* plaintiff would also lack standing to seek judicial review. Although that legislation is not directly applicable to local civil service commission proceedings, it will be applied by analogy in certain cases. *Justewicz v Hamtramck Civil Service Commission,* 65 Mich App 555; 237 NW2d 555 (1975). In the judicial review section of the

APA, MCL 24.301; MSA 3.560(201), appears the provision:

"When a *person* has exhausted all administrative remedies available within an agency, and is *aggrieved* by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review, by the courts as provided by law." (Emphasis added.)

MCL 24.205(4); MSA 3.560(105)(4) defines a "person" as "an individual, partnership, association, corporation, governmental subdivision or public or private organization of any kind *other than the agency engaged in the particular processing of a rule, declaratory ruling or contested case".* (Emphasis added.) Therefore, under the APA, the city manager, as a member of the agency which is engaged in the case of Officer Timm's suspension, would not be a "person" and therefore would lack standing to seek judicial review.

The city, by adopting this act, has chosen the Civil Service Commission to be an agency of the municipality for enforcing the requirements of the civil service statute and, in the instant case, for making the city's final decision, when called upon to do so, whether a policeman will be suspended. Since defendant makes the city's final administrative decision, plaintiff, a lesser administrator with respect to this determination, has no standing to dispute the city's own decision. In essence, the city, in the person of plaintiff, its city manager, cannot be aggrieved by its own decision rendered by defendant. Therefore, we conclude the city manager had no standing to seek judicial review of the defendant Civil Service Commission's decision.

Accordingly, the decision of the circuit court is vacated and the decision of the defendant Civil Service Commission is reinstated.