BEER v CITY OF FRASER CIVIL SERVICE COMMISSION

Docket No. 58593. Submitted October 15, 1982, at Detroit.—Decided March 25, 1983.

Plaintiff Charles Beer, City Administrator for the City of Fraser, suspended city police Sergeant Norman Spinelli for 30 days and recommended his permanent suspension to the city's civil service commission, defendant. Sergeant Spinelli appealed the administrator's suspension to the commission. The commission reversed Spinelli's suspension and ordered that he be reinstated. Charles Beer, as city appointing authority, and the City of Fraser thereafter filed an action for superintending control against the civil service commission in the Macomb Circuit Court, contending that the commission's action was contrary to law because there was no evidence to support the decision to reinstate Spinelli. Plaintiffs sought an order from the circuit court compelling the commission to suspend and discharge Sergeant Spinelli. Defendant commission filed a motion for summary judgment, contending that under the firemen and policemen's civil service act only the "person removed" may appeal the commission's decision and that the city and city manager have no standing to appeal the commission's decision. The court, John G. Roskopp, J., granted the commission's motion. Plaintiffs appealed. *Held:*

The process of seeking superintending control is not an appeal. It is an original action designed to require the defendant to perform a clear legal duty. A plaintiff lacks standing to bring a complaint for superintending control where no injury to the plaintiff is shown. A city has standing to seek superintending control over its civil service commission. A city official does not.

Affirmed in part, reversed in part and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur 2d, Administrative Law §§ 21, 735.

[1] 20 Am Jur 2d, Courts § 111 *et seq.*

[3, 4] 59 Am Jur 2d, Parties § 26 *et seq.*

[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 847.

1. SUPERINTENDING CONTROL — ACTIONS.

> The process of seeking superintending control is not an appeal; it is an original action designed to require the defendant to perform a clear legal duty.

2. SUPERINTENDING CONTROL — CIVIL SERVICE.

> A circuit court has jurisdiction to issue an order of superintending control over a city civil service commission acting in a quasi-judicial capacity in rendering a decision on an appeal by a removed employee.

3. SUPERINTENDING CONTROL — STANDING.

> A plaintiff lacks standing to bring a complaint for superintending control where no injury to the plaintiff is shown.

4. SUPERINTENDING CONTROL — STANDING — MUNICIPAL CORPORATIONS — PUBLIC OFFICIALS.

> A city has standing to seek superintending control over its civil service commission; a city official does not.

*Bieber, Golden, Brennan, Matranga, McKinnon & Sable, P.C. (by David A. McKinnon),* for plaintiffs.

*Emil E. Cardamone,* for defendant.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and WAHLS, JJ.

PER CURIAM. Plaintiff Charles Beer, City Administrator for the City of Fraser, suspended city police Sergeant Norman Spinelli for 30 days and recommended his permanent suspension to the city's civil service commission. Sergeant Spinelli appealed the administrator's suspension to defendant commission, which conducted a hearing. On April 15, 1981, the commission reversed Spinelli's suspension and ordered that he be reinstated.

Charles Beer, as city appointing authority, and the City of Fraser thereafter filed an action for superintending control against the civil service commission, contending that the commission's ac-

tion was contrary to law because there was no evidence to support the decision to reinstate Spinelli. Plaintiffs sought an order from the circuit court compelling the commission to suspend and discharge Sergeant Spinelli. Defendant commission filed a motion for summary judgment, contending that under the firemen and policemen's civil service act, specifically MCL 38.514; MSA 5.3364, only the "person removed" may appeal the commission's decision and that the city and city manager have no standing to appeal the commission's decision.

The circuit court granted the commission's motion, relying upon *Hendricks v Sterling Heights Police & Fire Dep't Civil Service Comm,* 85 Mich App 646; 272 NW2d 170 (1978), *lv den* 405 Mich 826 (1979). Plaintiffs appeal as of right.

In *Hendricks,* a suspended Sterling Heights police officer appealed to the Sterling Heights Civil Service Commission and the commission ruled his suspension improper and ordered his reinstatement. The city manager then filed a complaint for superintending control in the circuit court, seeking reversal of the commission's ruling. The circuit judge reversed, but this Court vacated the decision of the circuit court and reinstated the decision of the civil service commission, holding that the city manager lacked standing to obtain review of the commission's decision in the circuit court and, therefore, the circuit court's order on appeal was void.

The Court in *Hendricks* noted that, although the issue was one of first impression in Michigan, the Court was following the majority of other jurisdictions in holding that an administrative officer of a governmental entity (or the governmental entity itself) lacks standing to appeal the decision of a

reviewing agency of such governmental entity, except to the extent that legislation gives the officer the right to do so. The Court went on to find that, while the applicable legislation, the firemen and policemen's civil service act, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.,* provides for appeal to circuit court by the removed employee, it is silent with respect to any appeal by the city or its administrator. The Court interpreted that silence as indicating that the Legislature considered the decision of a city's civil service commission as a final decision of the city and thus the city would not appeal its own decision.

With the exception that the city, as well as the city appointing authority, has sought to challenge the commission's decision in the instant case, the facts here are virtually identical to those before the Court in *Hendricks.* The Court in *Hendricks,* however, failed to take into account the unique nature of the action brought in circuit court. At issue was not whether the city or city official had authority to *appeal* to the judiciary the decision of the civil service commission; rather, the issue was whether the city or city official had standing to seek an order for superintending control against the commission where it was alleged that the commission acted unlawfully. These are separate and distinct actions with different parties and different purposes.

The process of seeking an order of superintending control is not an appeal. It is an original civil action designed to require the defendant to perform a clear legal duty. *People v Flint Municipal Judge,* 383 Mich 429, 432; 175 NW2d 750 (1970); *Michigan Ass'n for Retarded Citizens v Wayne County Probate Judge,* 79 Mich App 487, 492; 261 NW2d 60 (1977).

A superintending control order enforces the superintending control power of a court over lower courts or tribunals. GCR 1963, 711.1. A circuit court has jurisdiction to issue orders of superintending control over administrative tribunals of a judicial or quasi-judicial nature. *Lepofsky v City of Lincoln Park,* 48 Mich App 347; 210 NW2d 517 (1973). A city civil service commission acts in a quasi-judicial capacity when it renders a decision on an appeal by a removed employee. See *In re Fredericks,* 285 Mich 262; 280 NW 464 (1938).

An order of superintending control is not available to a plaintiff who has another adequate remedy by way of an appeal. GCR 1963, 711.2. The determination, made by the Court in *Hendricks,* that a plaintiff has no right to *appeal* is but a necessary first step in the determination of whether a plaintiff can bring an action for superintending control.

Admittedly, a party seeking an order for superintending control must still have standing to bring the action. Standing is the legal term to be used to denote the existence of a party's interest in the outcome of a litigation; an interest that will assure sincere and vigorous advocacy. *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319, 324; 266 NW2d 808 (1978). A party lacks standing to bring a complaint for superintending control where plaintiff has shown no facts whereby it was injured. *Genesee Intermediate School Dist v Genesee Circuit Judge,* 78 Mich App 8; 259 NW2d 226 (1977); *Inglis v Public School Employees Retirement Bd,* 374 Mich 10; 131 NW2d 54 (1964).

We believe that, where the party challenging the commission's action is the city itself, a political subdivision rather than an officious public officer, there exists a sufficient interest in the outcome to

insure sincere and vigorous advocacy so as to confer standing. Unlike the city, the individual officer may challenge the commission's decision merely because he is disgruntled at being overruled or seeks some political advantage; he has no direct or legal interest in the outcome. The city, on the other hand, as the political unit employing the police officer, is directly affected by the commission's decision that the employee may not be dismissed. Thus, to the extent dicta in *Hendricks* indicates a city lacks standing to seek an order of superintending control over its civil service commission, we decline to follow that decision.

The decision of the circuit court dismissing plaintiffs' action is reversed and remanded as to the City of Fraser and affirmed as to Charles D. Beer, the city appointing authority.