## FORT v CITY OF DETROIT

Docket No. 78256. Submitted June 4, 1985, at Detroit.—Decided October 21, 1985.

James Fort, a civil service employee for the City of Detroit, was passed over twice after having been recommended by his supervisor for a promotion. Fort filed a grievance with the Detroit Civil Service Commission. Following an administrative hearing, the commission's hearing officer ruled that Fort should be promoted. The commission subsequently reversed the hearing officer's recommendation and denied Fort's grievance. Fort filed a complaint against the City of Detroit and the Civil Service Commission of the City of Detroit in Wayne Circuit Court alleging that the city had improperly considered Fort's personal associations in withholding his promotion and that the commission had failed to comply with the Detroit City Charter and applicable rules and regulations governing civil service employment in denying his grievance. He requested a court order directing that he be promoted to the appropriate position and also sought unspecified monetary damages. Defendants filed a motion for accelerated judgment on the ground that the court lacked subject matter jurisdiction over decisions of the commission. The court, Harold M. Ryan, J., granted defendants' motion. Fort appealed. *Held:*

There exists no legislatively created avenue of direct appellate review from decisions of general municipal civil service commissions. In the case of civil service employees who are aggrieved by the decision of a general municipal commission, the appropriate remedy is an action for superintending control in circuit court. Fort will be permitted on remand to amend his complaint to specify it as an action for superintending control.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Administrative Law §§ 571 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Civil Service.

[2-4] Am Jur 2d, Courts §§ 111-117.

Am Jur 2d, Mandamus §§ 21 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Administrative Law § 4; Civil Service; Courts.

1. CIVIL SERVICE — MUNICIPAL CIVIL SERVICE COMMISSIONS — APPEAL — CIRCUIT COURTS.

Circuit courts have no jurisdiction to review on appeal decisions of general municipal civil service commissions at the local level.

2. CIVIL SERVICE — MUNICIPAL CIVIL SERVICE COMMISSIONS — REMEDIES — SUPERINTENDING CONTROL.

The appropriate remedy for aggrieved municipal civil service employees once a petition has been denied by a general municipal commission is an action for superintending control in circuit court (MCL 600.615; MSA 27A.615).

3. COURTS — CIRCUIT COURTS — SUPERINTENDING CONTROL.

Circuit courts are vested with a general superintending control over all inferior courts and tribunals, subject to supreme court rule; tribunals include administrative agencies acting in a judicial or quasi-judicial capacity, such as local civil service commissions (MCL 600.615; MSA 27A.615; MCR 3.302; GCR 1963, 711).

4. ACTIONS — SUPERINTENDING CONTROL.

Actions for superintending control are original civil actions rather than appeals and are not appropriate where parties have the available remedy of an appeal; the purpose of an action for superintending control is to order a defendant to perform a clear legal duty.

*Houston, Bunn, Houston & O'Connor* (by *M. Elizabeth Bunn),* for plaintiff.

*Donald L. Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Thomas L. Walters* and *Terri L. Hayles,* Assistants Corporation Counsel, for City of Detroit.

Before: J. H. GILLIS, P.J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff appeals as of right from an order of accelerated judgment, GCR 1963, 116.1(2), dismissing his complaint against the City of Detroit and the Detroit Civil Service Commis-

sion for lack of subject matter jurisdiction. We reverse.

Plaintiff is a civil service employee of the City of Detroit. In May of 1978, plaintiff failed to receive a promotion for which he had been recommended by the supervisor of his work unit. Plaintiff was again recommended for a promotion by his supervisor in March of 1979 and, when he was passed over a second time, plaintiff filed a grievance with the Detroit Civil Service Commission in accordance with the applicable personnel rules and regulations. Following an administrative hearing, the commission's hearing officer ruled that plaintiff should be promoted to the position of Senior Job Development and Training Specialist. Several months later, on May 6, 1980, the commission reversed the hearing officer's recommendation and denied plaintiff's grievance.

On May 11, 1983, plaintiff filed this action in Wayne County Circuit Court against both the city and the commission, alleging that the city had improperly considered plaintiff's personal associations in withholding his promotion and that the commission had failed to comply with the Detroit City Charter and applicable rules and regulations governing civil service employment in denying his grievance. Plaintiff requested a court order directing that he be promoted to the appropriate position. Plaintiff also sought unspecified monetary damages. Defendants responded to plaintiff's complaint with an answer and various motions, including a motion for accelerated judgment premised on the ground that the trial court lacked subject matter jurisdiction over decisions of the commission. The court relied upon *Robertson v Detroit,* 131 Mich App 594; 345 NW2d 695 (1983), and granted defendants' motion.

In *Robertson,* the plaintiff filed a claim of appeal

from a decision of the Detroit Civil Service Commission. The trial court granted accelerated judgment on the ground that the plaintiff had failed to file his claim of appeal within 20 days after entry of the commission's decision as required under GCR 1963, 701.2. In considering whether the 20-day filing requirement of that court rule applied, however, the panel in *Robertson* concluded that there was no direct appeal from decisions of general civil service commissions at the local level. This Court in *Robertson* recognized that Const 1963, art 6, § 28 guarantees judicial review of all decisions rendered by an administrative officer or agency but pointed out that review is available only "as provided by law". While the Legislature has provided for direct appellate review of decisions of local fire and police civil service commissions, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.* (the firemen and policemen civil service act), and of all state administrative agency decisions, MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.* (the Michigan Administrative Procedures Act), the Legislature has not created a mechanism for appealing decisions of general municipal civil service commissions. We agree with the *Robertson* panel's analysis and with its conclusion that there exists no avenue of direct appellate review from decisions of general municipal civil service commissions.

In this case, however, plaintiff has filed an original action in circuit court rather than a claim of appeal as did plaintiff in *Robertson.* The difference in these procedural postures is significant in that we are presented here with the much broader issue of whether any judicial relief is available to aggrieved civil service employees once a petition has been denied by a general municipal commission. We hold that the appropriate remedy for such employees is an action for superintending

control in circuit court. We read *Robertson* narrowly to mean only that circuit courts have no jurisdiction over "claims of appeal" from civil service commissions.

Section 615 of the Revised Judicature Act vests the circuit courts of this state with "a general superintending control over all inferior courts and tribunals, subject to Supreme Court rule". MCL 600.615; MSA 27A.615. Tribunals include administrative agencies acting in a judicial or quasi-judicial capacity, *Parshay v Warden of Marquette Prison,* 30 Mich App 556, 559; 186 NW2d 859 (1971), such as local civil service commissions. *Beer v Frazier Civil Service Comm,* 127 Mich App 239, 243; 338 NW2d 197 (1983), *In re Fredericks,* 285 Mich 262; 280 NW 464 (1938). Actions for superintending control must comply with MCR 3.302, formerly GCR 1963, 711.

In *Beer v Frazier Civil Service Comm, supra,* the city challenged a decision of the local civil service commission by way of an action for superintending control. That case is not precisely on point as the city was the aggrieved party and the commission had been formed under the firemen and policemen civil service act, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.,* which allows an employee to directly appeal a decision of the commission to circuit court. Nevertheless, *Beer* is important for our purposes in light of its general review of the applicable law. Actions for superintending control are original civil actions rather than appeals and are not appropriate where parties have the available remedy of an appeal. The purpose of an action for superintending control is to order a defendant to perform a clear legal duty. See 127 Mich App 242-243 and cases cited therin. In *Beer,* we found that the city did not have a right to appeal the commission's decision under the firemen and policemen civil

service act and could thus challenge the commission's decision in circuit court by initiating an action for superintending control.

A similar analysis applies in the instant case. Under *Robertson,* it is clear that plaintiff does not have a right to directly appeal the commission's decision in his case. Plaintiff's remedy is thus to proceed in circuit court against the commission by way of an action for superintending control. In addition to the authority already cited, we find further support for our decision in *Lenz v Mayor of Detroit,* 338 Mich 383; 61 NW2d 587 (1953); *Erlandson v Genesee County Employees' Retirement Comm,* 337 Mich 195; 59 NW2d 389 (1953); *Public Welfare Comm of Detroit v Civil Service Comm of Detroit,* 289 Mich 101; 286 NW 173 (1939), and *Rinaldi v City of Livonia,* 69 Mich App 58; 244 NW2d 609 (1976). In all of these cases, an employee or the employer properly appealed from a decision of the local commission either by writ of certiorari, under the old rules, or by order of superintending control under the current rules.

Plaintiff in this case did not specifically identify his complaint as a complaint for superintending control as required under MCR 3.302(E)(1), formerly GCR 1963, 711.5(a). However, it is clear that plaintiff filed an independent civil action and not a claim of appeal and we find that no prejudice will result if, on remand, plaintiff is permitted to amend his complaint to specify it as an action for superintending control. The issues presented will be essentially the same as those that were presented in the initial complaint and the proper parties to this action have all been served. We note, however, that plaintiff will have to refashion his prayer for relief in a manner that is consistent with the relief available through this extraordinary remedy.

Reversed and remanded.