BARHAM v WORKERS' COMPENSATION APPEAL BOARD

Docket No. 106354. Submitted March 15, 1990, at Lansing. Decided June 5, 1990. Leave to appeal applied for.

George R. Barham, an employee of Bechtel Power Company, was granted an open award of continuing disability benefits as a result of a back injury sustained while working at a Detroit Edison Company construction site. Bechtel, Edison and their insurance carrier, Aetna Casualty & Surety Company, appealed that award to the Workers' Compensation Appeal Board and commenced payment of benefits in accordance with statute. While that appeal was pending, Bechtel, Edison and Aetna filed a petition to stop compensation benefits on the basis that plaintiff had recovered from his disability. Despite Barham's motion to dismiss on the basis that the petition was improper because of the pending appeal, the hearing officer granted the petition to stop benefits, finding that Barham was no longer disabled. Barham appealed the stop-payment decision and then filed in St. Clair Circuit Court a complaint for superintending control over the Workers' Compensation Appeal Board, the Workers' Compensation Appellate Commission, the Bureau of Workers' Disability Compensation and the Workers' Compensation Board of Magistrates and the respective chairpersons or directors. The circuit court, James T. Corden, J., in a series of orders, directed Aetna to continue the payment of plaintiff's benefits, ordered plaintiff to seek an appeal to the Court of Appeals regarding the authority of a hearing officer to issue an order to stop benefits during the pendency of the administrative appeal, and ruled that it had jurisdiction to resolve on the merits plaintiff's complaint for superintending control. Plaintiff sought leave to appeal to the Court of Appeals, which was granted. The Supreme Court denied plaintiff's application for leave to appeal prior to the decision of the Court of Appeals.

The Court of Appeals *held:*

1. Since the circuit court lacks appellate jurisdiction over the Bureau of Workers' Disability Compensation and its adminis-

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 590, 591, 614-616, 632.
See the Index to Annotations under Workers' Compensation.

trative agencies, the circuit court lacks jurisdiction to exercise superintending control over the Bureau and its agencies.

2. Jurisdiction for superintending control over the Bureau and its agencies lies in the Court of Appeals rather than the circuit court; however, superintending control is inappropriate here where there exists an adequate appellate remedy.

3. The hearing officer had jurisdiction to consider the petition to stop compensation during the pendency of the administrative appeal process relative to the original decision that a disability existed. The statute providing for continuing reduced benefits during the administrative appeal is clearly premised on the existence of a continuing disability. Termination of benefits is proper where there is a determination that the disability no longer exists.

The orders of the circuit court are reversed and the matter is remanded for proceedings before the appropriate administrative body.

1. SUPERINTENDING CONTROL — WORKERS' COMPENSATION — CIRCUIT COURTS — COURT OF APPEALS.

The circuit courts and the Court of Appeals can exercise superintending control only over inferior courts and agencies; a circuit court has superintending or supervisory control over an inferior tribunal when the circuit court has authority to review the actions of the tribunal; a circuit court has no superintending control over the administrative agencies of the Bureau of Workers' Disability Compensation, since the circuit court has no authority whatsoever to review any action of those agencies.

2. SUPERINTENDING CONTROL — WORKERS' COMPENSATION — REMEDIES — APPEAL.

The Court of Appeals has jurisdiction to consider an order of superintending control over agencies of the Bureau of Workers' Disability Compensation; however, such jurisdiction may not be exercised where the party seeking superintending control has another adequate remedy by appeal; since there exists an adequate remedy by means of the appeal process of an order terminating workers' disability compensation benefits, superintending control is not an appropriate means of testing the propriety of such an order.

3. WORKERS' COMPENSATION — TERMINATION OF BENEFITS — ADMINISTRATIVE APPEALS.

A workers' disability compensation hearing officer may hear a petition to stop benefits on the basis that the employee is no longer disabled even though there is at the time an appeal

pending with respect to the original determination to grant benefits; an order terminating benefits upon a determination that the employee is no longer disabled is not violative of the provision that disability benefits will continue during the pendency of an appeal of the original award, since disabled workers are entitled to continuing benefits only during the period of the disability (MCL 418.862; MSA 17.237[862]).

*Sam W. Thomas, P.C.* and *E. R. Whinham,* of Counsel, for plaintiff.

*Law Offices of Richard Jones* (by *James M. Schoener*), for Detroit Edison Company, Bechtel Power Corporation and Aetna Casualty & Surety Company.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Workers' Compensation Appeal Board and other state defendants.

Amicus Curiae:

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Charles P. Burbach*), for Michigan Injured Workers, Inc.

Before: HOOD, P.J., and MAHER and CYNAR, JJ.

PER CURIAM. Plaintiff was an employee of Bechtel Power Company. On October 12, 1984, plaintiff allegedly sustained a back injury while working at a Detroit Edison Company construction site. On December 11, 1984, plaintiff filed a petition for benefits with the Bureau of Workers' Disability Compensation. The petition, filed against Bechtel, Edison and their compensation carrier, Aetna Casualty & Surety Company, alleged that plaintiff sustained a continuing and total disability. On

January 28, 1986, plaintiff was granted an open award of continuing disability benefits.

On February 24, 1986, Detroit Edison, Bechtel and Aetna (hereinafter collectively referred to as the employer) filed an application for appeal with the Workers' Compensation Appeal Board and commenced payment of seventy percent of the benefits pursuant to MCL 418.862(1); MSA 17.237(862)(1). While the appeal was pending, the employer, on April 10, 1987, also filed with the Bureau a Rule 10 petition to stop compensation. The employer alleged that plaintiff had recovered from his disability.

On August 24, 1987, a hearing officer conducted a hearing on the employer's petition to stop. Plaintiff moved to dismiss, arguing that the petition was improper since an appeal was already pending before the Appeal Board. On December 3, 1987, the hearing officer granted the employer's petition to stop compensation, ruling that plaintiff was no longer disabled and thus the employer could cease payment of seventy percent of the benefits. Plaintiff filed a claim for review of this decision with the Appeal Board and the Workers' Compensation Appellate Commission.

Subsequently, on December 11, 1987, plaintiff filed a complaint in the St. Clair Circuit Court for an order of superintending control. The court immediately issued a temporary restraining order and an order to show cause why plaintiff's benefits should not be continued. The court directed Aetna to continue paying plaintiff benefits. The court also enjoined the employer, as well as all administrative agencies of the Bureau of Workers' Disability Compensation, from participating in any further proceedings regarding plaintiff until a hearing on the order to show cause was held. The employer and the agencies filed motions to dismiss, asserting

that the circuit court had no superintending control.

On December 21, 1987, another hearing was conducted and in a January 25, 1988, order, the circuit court continued that portion of the restraining order directing Aetna to continue paying plaintiff benefits. The court also held in abeyance the employer's and the agencies' motions to dismiss and instructed plaintiff to seek an appeal in this Court regarding the authority of the hearing officer to grant the employer's petition to stop payment of compensation. The court further ordered plaintiff to appeal the hearing officer's decision to the Appellate Commission. Finally, the court dissolved that part of the restraining order prohibiting the employer from taking additional action with respect to plaintiff's benefits.

On January 29, 1988, plaintiff filed an application for leave to appeal the circuit court's January 25, 1988, order with this Court.[1] However, on March 2, 1988, while leave was pending, plaintiff filed a motion in the circuit court to amend his complaint for superintending control so that it would be designated a complaint for declaratory judgment. On March 10, 1988, the agencies filed an answer to plaintiff's motion to amend as well as a motion to stay the proceedings pending this Court's review of plaintiff's application for leave. On March 14, 1988, the agencies also filed a motion for immediate consideration and a motion to stay the circuit court proceedings in this Court.

On March 21, 1988, another hearing was conducted in the circuit court and in a March 25, 1988, order, the court (1) directed the employer to

[1] While plaintiff was the party that initiated this appeal and is listed as the appellant, plaintiff is requesting affirmance of the circuit court's order. Plaintiff is proceeding in this manner because the circuit court conditioned continuation of its restraining order on plaintiff's pursuing such an appeal in this Court.

continue paying plaintiff benefits until further order of the court, (2) ruled that it had jurisdiction to resolve the merits of plaintiff's complaint for superintending control, (3) directed the employer to file with the court on or before April 20, 1988, a brief addressing the merits of plaintiff's complaint, (4) denied the agencies' motion to stay the proceedings, and (5) ruled that the court should continue proceedings on its prior order to show cause.

On April 19, 1988, a panel of this Court entered an order (1) granting plaintiff leave to appeal the circuit court's January 25, 1988, order, (2) granting the agencies' motion for immediate consideration, and (3) staying the December 11, 1987, and January 25, 1988, orders of the circuit court directing the employer to pay plaintiff benefits. In addition, the Court requested the parties to brief whether, during the pendency of an appeal in the Appeal Board or Appellate Commission, the grant of a petition to stop terminates an employee's right to receive benefits.

Shortly thereafter, plaintiff's counsel forwarded a letter to the panel of this Court that issued the April 19, 1988, order. The letter expressed some confusion with respect to whether plaintiff was entitled to continue receiving benefits because, while this Court stayed the December 11, 1987, and January 25, 1988, orders of the circuit court ordering the employer to pay plaintiff benefits, it failed to stay the circuit court's March 25, 1988, order also directing payment of the benefits.

In response to the above letter, this Court entered a May 20, 1988, order clarifying its prior order. The new order provided that all orders of the circuit court were stayed pending final determination of plaintiff's appeal or until further order of the Court. The order also directed that the hearing officer's December 3, 1987, order granting

the employer's petition to stop payment of plaintiff's benefits remain in effect.

Plaintiff filed an application for leave to appeal with the Supreme Court on May 16, 1988. However, in a September 7, 1988, order, the Supreme Court denied plaintiff's application. In addition, this Court granted permission to Michigan Injured Workers, Inc., to file an amicus curiae brief.

Finally on April 10, 1989, plaintiff filed a motion to affirm the circuit court's decision with this Court. The motion was denied in a June 13, 1989, order.

I

On appeal, plaintiff first argues that the circuit court has jurisdiction to enter an order of superintending control over agencies of the Bureau. In addition, plaintiff contends that this Court has no superintending control jurisdiction over such agencies because our superintending control authority is limited to those areas specifically prescribed by statute or court rule.

The process of seeking an order of superintending control is not an appeal but rather is an original civil action designed to order a defendant to perform a clear legal duty. *People v Flint Municipal Judge,* 383 Mich 429, 432; 175 NW2d 750 (1970); *Fort v Detroit,* 146 Mich App 499, 503; 381 NW2d 754 (1985); *Beer v Fraser Civil Service Comm,* 127 Mich App 239, 242; 338 NW2d 197 (1983). An order of superintending control is not available to a plaintiff who has another adequate remedy by way of an appeal. *Id.,* p 243; MCR 3.302(B). When an appeal in the Court of Appeals or the circuit court is available, it must be utilized and a complaint for superintending control must be dismissed. MCR 3.302(D)(2).

A superintending control order enforces the superintending power of a court over lower courts or tribunals. MCR 3.302(A). Tribunals include administrative agencies acting in a judicial or quasi-judicial capacity. *Fort v Detroit, supra.* The circuit court and the Court of Appeals have been vested with authority to issue superintending control orders. Such power derives from both statute and court rule which we briefly set forth below.

MCR 3.301(A)(1)(b) provides that a civil action or appropriate motion in a pending action can be brought to obtain superintending control. The rule goes on to state:

> Unless a particular rule or statute specifically provides otherwise, an original action may not be commenced in the Supreme Court or the Court of Appeals if the circuit court would have jurisdiction of an action seeking that relief.

Furthermore, MCR 3.302(D)(1) prescribes that the Supreme Court, Court of Appeals and circuit court have jurisdiction to issue superintending control orders to lower courts or tribunals. MCR 7.203(C)(1) specifically states that the Court of Appeals may entertain an action for

> superintending control over a lower court or a tribunal immediately below it arising out of an action or proceeding which, when concluded, would result in an order appealable to the Court of Appeals.

Finally, MCL 600.615; MSA 27A.615 indicates:

> Except as provided in section 10b of Act 369 of the Public Acts of 1919, being section 725.10b of the Michigan Compiled Laws, the circuit court has a general superintending control over all inferior

courts and tribunals, subject to supreme court rule.

The common requirement in all of the above rules and statutes is that the circuit court and Court of Appeals can exercise superintending control only over *inferior* courts and tribunals. The issue in the instant case then becomes whether administrative agencies of the Bureau of Workers' Disability Compensation are *inferior tribunals* to the circuit court or the Court of Appeals.

In *Eyde Brothers Development Co v Dep't of Public Health,* 75 Mich App 279, 283; 254 NW2d 871 (1977), lv den 401 Mich 817 (1977), a panel of this Court indicated that the existence of the circuit court's superintending control power depended upon whether the circuit court had superintending or supervisory control power over the inferior tribunal. The Court then went on to state:

> The circuit court has superintending or supervisory control power over an inferior tribunal when the former has authority to review the actions of the latter.

Therefore, the *Eyde* Court ruled that, since neither statute nor the Administrative Procedures Act provided the circuit court with power to review actions by the defendant Department of Public Health, the circuit court did not have superintending or supervisory control power over the department. *Id.*[2]

Applying the proposition set forth in *Eyde* to the instant case, we must now determine whether the

---

[2] While *Eyde* involved the issue whether the circuit court had jurisdiction to issue a writ of mandamus against a state officer, we do not find the Court's conclusions regarding the circuit court's superintending control power dicta. The principles enunciated are valid and are applicable to the instant case.

circuit court has authority to review the actions of agencies of the Bureau.

The Michigan Legislature has mandated that the Court of Appeals and Supreme Court have power to review findings of fact and questions of law of agencies of the Bureau. See MCL 418.859; MSA 17.237(859), MCL 418.859a; MSA 17.237(859a), MCL 418.861; MSA 17.237(861), MCL 418.861a(14); MSA 17.237(861a)(14), and MCL 418.864(11); MSA 17.237(864)(11). In *Holcomb v Ford Motor Co,* 108 Mich App 61; 310 NW2d 275 (1981), a panel of this Court indicated that the Workers' Disability Compensation Act provides for an orderly appellate process from the referee to the appeal board to the Court of Appeals and finally the Supreme Court without interference by the circuit court. *Id.,* p 66. Furthermore, several panels of this Court have held that resolution of all disputes relating to compensation rests exclusively with the Bureau and remedies for failure to follow statutorily established procedures are determined by the Bureau rather than the circuit court. *Cook v The Hearthside, Inc,* 162 Mich App 236, 238-242; 412 NW2d 276 (1987), lv den 429 Mich 882 (1987); *Holcomb v Ford Motor Co, supra,* pp 66-67; *Maglaughlin v Liberty Mutual Ins Co,* 82 Mich App 708, 711; 267 NW2d 160 (1978); lv den 403 Mich 851 (1978); *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 378; 230 NW2d 440 (1975).

The above cited statutes and cases demonstrate that the circuit court has no authority whatsoever to review any action of agencies of the Bureau. Under *Eyde, supra,* the circuit court has no supervisory or superintending control over such agencies. Agencies of the Bureau having judicial or quasi-judicial functions are inferior tribunals to the Court of Appeals and not the circuit court.

Therefore, the circuit court improperly ruled that it had jurisdiction to resolve the merits of plaintiff's complaint for superintending control.

However, while we have determined that this Court has superintending control over agencies of the Bureau, we must now decide whether it is necessary for us to exercise such jurisdiction.

As previously indicated, an order of superintending control is not available to a plaintiff who has another adequate remedy by appeal. See *Beer v City of Fraser, supra,* p 243; MCR 3.302(B) and 3.302(D)(2). In the instant case, we believe that plaintiff has adequate alternative legal remedies in pursuing appeals to the Appeal Board, to the Appellate Commission and, if necessary, to this Court. Thus, we see no basis for exercising superintending control. Plaintiff should not be considered to be any different from other claimants who contend that they have been wrongly denied benefits and must go without benefits until their appeal has run its course. As a factual matter, plaintiff is in a much better position than many other claimants because plaintiff received seventy percent of his benefits for a significant period of time. We believe that plaintiff must pursue the procedural avenues provided by the Workers' Disability Compensation Act and not circumvent the normal appellate process by prematurely requesting this Court for an order of superintending control.

II

Plaintiff next argues that the hearing officer did not have jurisdiction to consider and decide the employer's petition to stop payment of benefits since an appeal was pending with the Appeal Board. We disagree.

We initially note that in reviewing the relevant

sections of the Workers' Disability Compensation Act, we find that a petition to stop must be set for a hearing and a hearing officer is mandated with power to hear cases set for hearings. See MCL 418.223(1); MSA 17.237(223)(1), MCL 418.847(1); MSA 17.237(847)(1), and MCL 418.206; MSA 17.237(206).

Furthermore, we find plaintiff's reliance upon MCL 418.862; MSA 17.237(862) unpersuasive. Plaintiff claims that allowing a hearing officer to entertain a petition to stop while an appeal to the Appeal Board is pending would circumvent the purpose behind § 862 to alleviate hardships and harassment to claimants. In addition, plaintiff contends that under § 862 payment of seventy percent of benefits must continue until final determination of an appeal.

Section 862(1), MCL 862(1); MSA 17.237(862)(1), provides for payment of seventy percent of a claimant's weekly benefits during the pendency of an appeal. The provision states in pertinent part:

> A claim for review filed pursuant to sections 859, 859a, 860, 861, or 864(11) shall not operate as a stay of payment to the claimant of 70% of the weekly benefit required by the terms of the award of the hearing referee, worker's compensation magistrate, or arbitrator, as applicable. Payment shall commence as of the date of the hearing referee's, worker's compensation magistrate's, or arbitrator's award, as applicable, and shall continue until final determination of the appeal or for a shorter period if specified in the award.

The provisions referred to in this section deal with claims of review to the Appeal Board, Appellate Commission, Court of Appeals and Supreme Court. Only these enumerated claims shall not operate as a stay of payment of seventy percent of

a claimant's benefits. None of the cited provisions govern petitions to stop payment of benefits. Thus, there is nothing in the plain language of § 862(1) indicating that a petition to stop payment of benefits could not act as a stay.

In any event, the language of § 862 states that benefits shall continue "until final determination of the appeal." Our Supreme Court in *McAvoy v H B Sherman Co,* 401 Mich 419, 437; 258 NW2d 414 (1977), indicated that the objective of social legislation such as the Workers' Disability Compensation Act is to provide the disabled worker with benefits *during the period of his disability.* See also MCL 418.351(1); MSA 17.237(351)(1) and MCL 418.361(1); MSA 17.237(361)(1). The *McAvoy* Court went on to state that it would yield an absurd result to interpret the phrase "until final determination of the appeal" to mean until completion of the appellate process. *Id.,* p 444. Thus, we believe that, while a claimant is entitled to receive seventy percent of his benefits during the pendency of an appeal, such entitlement should not supersede the idea that benefits are to compensate a claimant for his or her disability. If the disability ceases to exist, then it is only logical and fair that compensation cease. It should not matter that an appeal is pending.

We find additional support for this conclusion in several decisions from our Supreme Court that have held that a claimant's physical condition can change, resulting in a modification of benefits. In *Theodore v Packing Materials, Inc,* 396 Mich 152, 158; 240 NW2d 255 (1976), the Court, quoting 58 Am Jur, Workmen's Compensation, § 508, indicated:

[C]ompensation awards represent "an adjudication as to the condition of the injured workman at

the time it is entered, and conclusive of all mat-
ters adjudicable at that time, but it is not an
adjudication as to the claimant's future condition
and does not preclude subsequent awards or subse-
quent modification of the original award upon a
showing that the employee's physical condition
has changed."

In *White v Michigan Consolidated Gas Co,* 352
Mich 201, 210; 89 NW2d 439 (1958), the Court, in
discussing the effect of res judicata on an order of
the Appeal Board granting continuing compensa-
tion until further order, stated in part:

A petition to stop, to decrease or to increase
compensation is always permissible in order to
show circumstances concerning a claimant's physi-
cal condition which have changed from the last
date of hearing.[3]

Finally, in *Askew v Ann Arbor Public Schools,*
431 Mich 714, 724; 433 NW2d 800 (1988), the
Court, in resolving a res judicata question, stated:

If there has been a change in the physical
condition of a worker receiving benefits pursuant
to an order of a referee or the WCAB, an employer
may seek a stop-payment order.

The conclusion drawn from the aforementioned
cases is that an employer may seek to stop pay-
ment of benefits if the claimant's disability has
changed. There is absolutely no reason an em-
ployer should be required to continue compensa-
tion to a recovered claimant simply because an
appeal is pending. Thus, in the case at bar, the
hearing officer's December 3, 1987, decision grant-

---

[3] Although *White* was decided prior to enactment of § 862, we
believe that this does not alter the import of the Court's conclusions
with respect to petitions to stop.

ing the employer's petition to stop compensation
was proper.

III

Plaintiff and the agencies of the Bureau argue
that a hearing officer's grant of a petition to stop
payment of benefits does not, standing alone, auto-
matically terminate payment of seventy percent
benefits as required by MCL 418.862(1); MSA
17.237(862)(1). It is their contention that only an
appellate tribunal or court can terminate benefits.
We disagree.

Logic dictates that, if a hearing officer can de-
cide a petition to stop, the result would be that
compensation would cease. We do not see why an
employer must then go before an appellate tribu-
nal or court to have such benefits terminated.
There is no support for plaintiff's and the agencies'
proposition that jurisdictional authority to termi-
nate benefits is vested exclusively in appellate
tribunals and courts. The entire basis of the Work-
ers' Disability Compensation Act is to provide
benefits to a disabled claimant *during* the period of
his disability. See *McAvoy v H B Sherman, supra.*
An employer can seek to stop or reduce payments
if an employee's condition changes.

It seems clear that since a hearing officer has
the authority to consider a petition to stop pay-
ment he or she also has the authority to terminate
compensation. To require a party to request an
appellate tribunal or court for termination of com-
pensation after a petition to stop payment of bene-
fits has already been granted seems to constitute
an exercise in procedural formalities and borders
on the ridiculous. The extra step would only add to
the agencies' existing backlog and would serve no
meaningful purpose. Once a hearing officer grants

a petition to stop payment of benefits, benefits should automatically terminate and a claimant can continue pursuing his or her appellate remedies to gain reinstatement of the benefits.

IV

In light of the above findings, we (1) reverse the circuit court's orders in total, (2) direct plaintiff to pursue his appellate remedies provided by the Workers' Disability Compensation Act, (3) refuse to grant plaintiff an order of superintending control, and (4) order that the hearing officer's December 3, 1987, order granting the employer's petition to stop payment of plaintiff's benefits remain in effect.

Reversed and remanded to the appropriate agencies of the Bureau for continuation of proceedings consistent with this opinion. We do not retain jurisdiction.