ROBERTSON v LOCAL DIVISION 26, AMALGAMATED TRANSIT UNION

Docket No. 78-3683. Submitted June 21, 1979, at Detroit.—Decided July 23, 1979.

> Eddie Robertson filed with the Michigan Employment Relations Commission charges against his bargaining unit, Local Division 26, Amalgamated Transit Union, alleging unfair representation by the union in bargaining for a new contract and the union's failure to support Robertson's personal concerns. The charges were brought under the public employment relations act. Following a hearing, the administrative law judge issued a recommended order dismissing the charges. The commission adopted that order after the period for taking exceptions to the recommended order had expired without either side having filed any exceptions. Robertson appeals. *Held:*
>
> > Failure by a party timely to file exceptions to a proposed order issued pursuant to the Michigan Public Employment Relations Act constitutes a waiver of any objections to that order and is a bar to an appeal in the absence of a showing of good cause for the failure timely to file the exceptions.
>
> > Appeal dismissed.

LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — PROPOSED ORDER — EXCEPTIONS — WAIVER — REVIEW — STATUTES.

> Failure by a party timely to file exceptions to a proposed order issued pursuant to the Michigan public employment relations act constitutes a waiver of any objections to that order and is a bar to an appeal in the absence of a showing of good cause for the failure timely to file the exceptions (MCL 423.216[b], [d]; MSA 17.455[16][b], [d]).

*Eddie Robertson,* in propria persona.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTE
48A Am Jur 2d, Labor and Labor Relations §§ 1649, 1650.
5 Am Jur 2d, Appeal and Review § 558.

*Derengoski,* Solicitor General, and *Jon M. DeHorn,* Assistant Attorney General, for the Michigan Employment Relations Commission.

*Farber & Downs, P.C.,* for respondent union.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

N. J. KAUFMAN, P.J. On December 28, 1977, appellant filed charges with the Michigan Employment Relations Commission (hereinafter MERC) against his bargaining unit. The charges involved the union's duty of fair representation in bargaining for a new contract and the union's failure to support appellant's personal concerns. The charges were brought under the public employment relations act (hereinafter PERA). After a hearing, the administrative law judge issued a recommended order that the charges be dismissed. MERC adopted that order on July 24, 1978, after the period for taking exceptions to the administrative law judge's recommendation had expired without either side filing any exceptions. The charging party now appeals.

We conclude that appellant's failure timely to file exceptions to the administrative law judge's proposed order constitutes a waiver of any objections and bars this appeal.

MCL 423.216(b); MSA 17.455(16)(b) provides in part:

"If the evidence is presented before a commissioner of the commission, or before examiners thereof, the commissioner, or examiners shall issue and cause to be served on the parties to the proceeding a proposed report, together with a recommended order, which shall

---

* Circuit judge, sitting on the Court of Appeals by assignment.

be filed with the commission, and if an exception is not filed within 20 days after service thereof upon the parties, or within such further period as the commission may authorize, the recommended order shall become the order of the commission and become effective as prescribed in the order."

MCL 423.216(d); MSA 17.455(16)(d) states in part:

"No objection that has not been urged before the commission, its commissioner or agent, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances."

We have not found any Michigan cases construing the above language. However, in the absence of governing Michigan law, we may rely on similar sections of the National Labor Relations Act when construing provisions of PERA. *Michigan Employment Relations Comm v Reeths-Puffer School Dist*, 391 Mich 253, 260; 215 NW2d 672 (1974).

The National Labor Relations Act contains provisions substantially identical to the PERA provisions quoted above. 29 USC 160(c), provides in part:

"In case the evidence is presented before a member of the Board, or before an examiner or examiners thereof, such member, or such examiner or examiners as the case may be, shall issue and cause to be served on the parties to the proceeding a proposed report, together with a recommended order, which shall be filed with the Board, and if no exceptions are filed within twenty days after service thereof upon such parties, or within such further period as the Board may authorize, such recommended order shall become the order of the Board and become effective as therein prescribed."

29 USC 160(e) states in part:

"No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."

Several Federal courts of appeal have construed these provisions and held that objections not raised before the NLRB are waived. See *National Labor Relations Board v International Union of Operating Engineers, Local 66,* 357 F2d 841, 845-847 (CA 3, 1966), and cases cited therein. In *National Labor Relations Board v Pugh & Barr, Inc,* 194 F2d 217 (CA 4, 1952), a trial examiner's recommended order was adopted by the NLRB after the respondent failed to file exceptions to the order. When the NLRB petitioned the Court for enforcement of the order, respondent, without offering any excuse for its failure to file exceptions to the trial examiner's report, urged the Court to deny the motion and hold a hearing on the sufficiency of the evidence used to support the order. The Court reviewed the relevant statutes, refused to review the sufficiency of the evidence because respondent failed to raise the issue in a timely manner before the NLRB and offered no explanation for the omission, and granted the NLRB's motion. The Court, in essence, refused to review the case.

We likewise hold that appellant failed to preserve this case for review by inexplicably failing to object in a timely fashion to the administrative law judge's recommended order. If this Court were to rule otherwise, parties would be able to circumvent MERC's review of administrative law judge orders, and the statutes under consideration would

be rendered meaningless. Appellant will not be permitted to skip a step in the review process without demonstrating good cause. In the instant case, appellant has failed to give any explanation for his failure to file exceptions to the recommended order. Therefore, this case has not been preserved for appeal.

Appeal dismissed. No costs, a public question being involved.