ROBERTSON v CITY OF DETROIT

Docket No. 78-5436. Submitted February 27, 1979, at Detroit.—Decided September 6, 1979.

Plaintiff, Eddie Robertson, an employee of the City of Detroit Department of Transportation, filed charges of unfair labor practices against his employer with the Michigan Employment Relations Commission alleging, among other things, that he was prohibited from passing out leaflets at a bus terminal and that on his day off he was asked to see his superintendent where, according to his superintendent, he became belligerent and was given a three-day suspension and, upon review, was given six months probation for no reason. The administrative law judge considered each allegation separately and found the six months probation to be a reprisal for plaintiff's use of the grievance procedure. He found that the pamphlets to be handed out by plaintiff did not deal with organizational activities (they gave an alternative viewpoint concerning a proposed contract) and, thus, the conduct did not fall within the purview of the protection of the public employees relations act. Plaintiff appeals. *Held:*

1. Since plaintiff failed to file exceptions to the administrative law judge's proposed order in compliance with the statutory provision, plaintiff's objections have not been preserved for appeal.

2. The protection of the public employees relations act extends to the dissemination of information or opinion related to a proposed contract and does not cover only "organizational activity".

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYEES — PROPOSED ORDERS —
   EXCEPTIONS — WAIVER — REVIEW — STATUTES.

Failure by a party timely to file exceptions to a proposed order issued pursuant to the Michigan Public Employment Relations Act constitutes a waiver of any objections to that order and is a

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations §§ 1649, 1650.
[2] 48A Am Jur 2d, Labor and Labor Relations §§ 1764-1775.

bar to an appeal in the absence of a showing of good cause for the failure timely to file the exceptions (MCL 423.216[b]; MSA 17.455[16][b]).

2. Labor Relations — Statutes — Public Employees — Pamphleteering.

A pamphlet distributed by public employees and containing an alternative viewpoint as to the value of a labor contract proposed by an employer and distributed to the members by the union falls within the purview of the protections of the public employees relations act; the public employees relations act protects more than organizational activity alone (MCL 423.209; MSA 17.455[9]).

Eddie Robertson, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jon M. DeHorn,* Assistant Attorney General, for the Michigan Employment Relations Commission.

*George G. Matish,* Acting Corporation Counsel, and *Anna Diggs-Taylor* and *Nancy McCaughan-Blount,* Assistants Corporation Counsel, for defendant.

Before: Danhof, C.J., and V. J. Brennan and H. R. Carroll,* JJ.

V. J. Brennan, J. Plaintiff is an employee of the City of Detroit Department of Transportation. On December 5, 1977, he filed a charge of unfair labor practices with the Michigan Employment Relations Commission alleging that:

1. On September 19, 1977, plaintiff was prohibited from passing out leaflets at the Shoemaker bus terminal;

2. On November 22, 1977, plaintiff was prohib-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ited from passing out leaflets at the Coolidge bus terminal;

3. On August 5, 1977, on plaintiff's day off, he was at the Coolidge terminal to pick up his paycheck. He was asked to go to the superintendent's office concerning a grievance. According to the superintendent, plaintiff became belligerent and was given a three-day suspension. Plaintiff contended he did not have to see the superintendent on his day off and was improperly disciplined; and

4. When the suspension was reviewed, plaintiff was given six months probation for no reason.

Plaintiff alleged three additional general unfair labor practices:

A. Defendant City of Detroit printed and gave to the union proposed contracts for distribution to the members;

B. Defendant City of Detroit printed a leaflet designed to influence the members' decision on the contract; and

C. Defendant City of Detroit did not give a cost of living allowance due under the old contract that had been extended during contract negotiations.

The administrative law judge issued his decision on November 9, 1978. The opinion discussed each allegation. The administrative law judge found that the first three charges did not constitute unfair labor practices. However, he found the six months probation to be a reprisal for plaintiff's use of the grievance procedure. This is the only charge that caused the judge to issue an order. The administrative law judge also found that the general allegations were not unfair labor practices.

Plaintiff failed to file exceptions to the administrative law judge's proposed order in accordance with MCL 423.216(b); MSA 17.455(16)(b). Since there is no demonstration of good cause for this

failure, the plaintiff's objections are not preserved for review by this Court. *Robertson v Local Division 26, Amalgamated Transit Union,* 91 Mich App 429; 283 NW2d 766 (1979).

However for the purpose of clarification on this subject in future dispositions we point out error regarding the administrative law judge's ruling that the solicitation ban in the present case did not constitute an unfair labor practice. The ruling had a two-fold basis which is evident from the following quote:

"The Charging Party does not have a constitutional right to pass out handbills and/or solicit signatures for a petition on company property during working hours where the purpose of the handbilling or petition is not organizational in nature. Here the purpose of handbilling was criticism of the Union, not an effort to organize employees. The employer's long established no solicitation rule is reasonable. As the employer pointed out—if all employees had a right to solicit or petition, thousands could be doing so at any given time."

We disagree with the initial supposition set forth above that only organizational activities are protected. Section 9 of the public employees relations act, MCL 423.209; MSA 17.455(9), outlines public employees' protections as follows:

"It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice."

Dissemination of information or opinion relating to a proposed contract aids the ratification process

by assisting the electorate in making informed and rational decisions. The pamphlet distributed by plaintiff on September 19 falls within this category since it attempted to give an alternate view of the real value of the proposed contract. Thus, the commission erred in defining the right to distribute pamphlets in terms of organizational activity alone.

Our ruling as to the September 19 pamphlet in any event would not affect the commission's final disposition which was also based upon the finding that the long-established no solicitation rule was reasonable. Such a rule is valid if not enacted or enforced for a discriminatory purpose. See *NLRB v Babcock & Wilcox Co,* 351 US 105; 76 S Ct 679; 100 L Ed 975 (1956); *TRW, Inc v NLRB,* 393 F2d 771 (CA 6, 1968). There was no evidence presented below which would intimate any discriminatory purpose.

Affirmed.