## ROBERTSON v CITY OF DETROIT

Docket No. 61492. Submitted October 6, 1983, at Detroit.—Decided
    December 27, 1983.

Eddie Robertson, an employee of the Detroit Department of
    Transportation, appealed a decision of the department's Sick
    Leave Advisory Board to the Detroit Civil Service Commission.
    The commission found that Robertson was not entitled to the
    benefits he sought. Robertson petitioned the Wayne Circuit
    Court asking for judicial review of the commission's decision.
    The court, Myron H. Wahls, J., granted accelerated judgment
    for the reason that Robertson's petition was not timely. Robert-
    son also filed a complaint in the Wayne Circuit Court for an
    injunction prohibiting the department from harassing him
    while an appeal from an unrelated decision of the Employment
    Relations Commission was being taken to the Court of Appeals.
    After the Court of Appeals decided that appeal, *Robertson v
    City of Detroit,* 92 Mich App 377 (1979), *lv den* 409 Mich 884
    (1980), plaintiff sought to amend his complaint to add a claim
    for money damages. The court, Joseph B. Sullivan, J., denied
    plaintiff's motion and dismissed with prejudice. Robertson ap-
    pealed both the judgment and order and the appeals were
    consolidated. *Held:*

1. Circuit courts have no jurisdiction to review on appeal
    decisions of home-rule city civil service commissions. The lower
    court properly granted accelerated judgment on the petition for
    review, but for the wrong reason. A result reached by a trial
    court will not be disturbed on appeal where the court reached
    the right result, but assigned the wrong reason for it.

2. Generally, the grant or denial of a motion to amend
    pleadings will not be disturbed on appeal absent an abuse of
    discretion. The court did not abuse its discretion in denying
    plaintiff's motion to amend the pleadings considering the lapse
    of time and the nature of the pleadings.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 47.
[2] 15A Am Jur 2d, Civil Service § 81.
[3] 4 Am Jur 2d, Appeal and Error § 99.

1. APPEAL — REMEDIES.
   A result reached by a trial court will not be disturbed on appeal where the court reached the right result, but assigned the wrong reason for it.

2. CIVIL SERVICE — HOME-RULE CITIES.
   Circuit courts have no jurisdiction to review on appeal decisions of home-rule city civil service commissions.

3. PLEADING — AMENDMENT OF PLEADINGS — APPEAL.
   Generally, the grant or denial of a motion to amend pleadings will not be disturbed on appeal absent an abuse of discretion.

Eddie Robertson, *in propria persona.*

*Donald Pailen,* Corporation Counsel, *Mark R. Ulicny,* Deputy Corporation Counsel, and *Frank W. Jackson* and *Christopher E. Mast,* Assistant Corporation Counsels, for defendant.

Before: R. M. MAHER, P.J., and J. H. GILLIS and GRIBBS, JJ.

PER CURIAM. Plaintiff, Eddie Robertson, appeals as of right from two separate orders issued by two different Wayne County circuit judges in unrelated cases. On November 20, 1981, Judge Myron Wahls granted accelerated judgment against plaintiff on his claim of appeal from a decision of the Detroit Civil Service Commission. On that same day, Judge Joseph B. Sullivan entered summary judgment against plaintiff in an action in which plaintiff sought injunctive relief against his employer, City of Detroit, Department of Transportation. Plaintiff's two appeals have been consolidated before this Court.

We will first address plaintiff's claim of appeal from a decision of the Detroit Civil Service Commission.

In the trial court, plaintiff cited Const 1963, art 6, § 28 as the relevant authority guaranteeing him

the right to seek judicial review from the Detroit Civil Service Commission's ruling and granting jurisdiction to the circuit court to hear that appeal. Article 6, § 28 provides:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law."

Defendant moved for accelerated judgment under GCR 1963, 116, for the reasons that: (1) the circuit court lacked jurisdiction of the subject matter and (2) the claim is barred by the statute of limitations. The trial court granted defendant's motion on the basis that plaintiff's claim of appeal was not timely filed since more than 20 days had passed since the entry of the order or judgment appealed from, GCR 1963, 701.2. Plaintiff appeals this order granting defendant's motion.

We affirm the trial court's order granting accelerated judgment, but for the reason that the circuit court lacked subject matter jurisdiction. "Where, as here, the trial judge achieves the right result, but assigns the wrong reason therefor, the result will not be disturbed on appeal. *Peninsular Construction Co v Murray,* 365 Mich 694, 699; 114 NW2d 202 (1962), *inter alia." Gilbert v Grand Trunk W R Co,* 95 Mich App 308, 313; 290 NW2d 426 (1980).

The authority for cities to create civil service commissions is provided in Const 1963, art 11, § 6. Pursuant to this constitutional provision, the Michigan Legislature enacted MCL 117.4i(7); MSA 5.2082(7) as part of Michigan's Home Rule Act, which permits home-rule cities to provide for the establishment of a civil service commission in their charters. The actual operation of general municipal civil service commissions, however, is not governed by statute, although such a statute has been enacted with regard to municipal fire and police employees. See the firemen and policemen civil service act, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.* where a police or fire employee disputes a ruling of the civil service commission, at least with regard to certain disciplinary actions, that employee may seek judicial review of the commission's decision within 90 days of the commission's ruling in "the circuit court of the county wherein the city, village or municipality is situated". MCL 38.514; MSA 5.3364. No comparable statutory provision exists with regard to non-police and non-fire municipal employees.

Moreover, the chapter of the Michigan Administrative Procedures Act providing for judicial review, MCL 24.301 *et seq.;* MSA 3.560(201) *et seq.,* fails to provide plaintiff a right of appellate review since that act does not apply to municipal administrative agencies. *Hendricks v Sterling Heights Police & Fire Dep't Civil Service Comm,* 85 Mich App 646, 652; 272 NW2d 170 (1978), *lv den* 405 Mich 826 (1979); *Justewicz v Hamtramck Civil Service Comm,* 65 Mich App 555, 561; 237 NW2d 555 (1975); *Montiy v Civil Service Board of City of East Detroit,* 54 Mich App 510, 515; 221 NW2d 248 (1974).

Plaintiff's reliance on Const 1963, art 6, § 28 is

misplaced. As noted by the Supreme Court in *McAvoy v H B Sherman Co,* 401 Mich 419, 443; 258 NW2d 414 (1977), *reh den* 402 Mich 953 (1977), the phrase "as provided by law" contained in Const 1963, art 6, § 28 "vests the Legislature with the authority to exert substantial control over the mechanism of how administrative decisions are to be appealed". As noted, the Legislature has failed to specifically exert any control over the appellate rights and procedures stemming from a decision of a general municipal civil service commission. The circuit court, therefore, had no jurisdiction over plaintiff's dispute with defendant commission.

Contrary to plaintiff's argument on appeal, the trial court did not abuse its discretion by issuing the order "with prejudice". Under the circumstances, no purpose would be served by leaving plaintiff free to refile this same suit against defendant.

We now address plaintiff's suit against the City of Detroit, Department of Transportation.

Plaintiff filed his petition for injunctive relief on May 21, 1979, seeking only injunctive relief in the form of an order enjoining defendant from harassing him during the pendency of his appeal to this Court from a decision of the Michigan Employment Relations Commission. This Court's decision in that case, *Robertson v City of Detroit,* 92 Mich App 377; 284 NW2d 808 (1979), *lv den* 409 Mich 884 (1980), was released on September 6, 1979.

Approximately two years after the petition for injunctive relief had been filed, the trial court dismissed plaintiff's petition for the reason that his cause of action for injunctive relief had become moot, given this Court's disposition of September, 1979. At the hearing on defendant's motion to

dismiss, plaintiff apparently sought to amend his complaint to include a claim for damages. The trial court denied the motion. Plaintiff now urges that this motion was improperly denied.

We disagree. The denial of a motion to amend the pleadings will not be disturbed absent an abuse of discretion. *Cobb v Mid-Continent Telephone Service Corp,* 90 Mich App 349, 353; 282 NW2d 317 (1979). Here, plaintiff allowed over two years to elapse before making any such request. In addition, plaintiff's original petition was very narrowly drawn, seeking *only* injunctive relief for a limited period of time. Under the circumstances, the trial court did not abuse its discretion.

The trial court did not err by granting defendant's motion for summary judgment. Once this Court's decision in *Robertson v City of Detroit, supra,* was released, there was no longer any issue of material fact. GCR 1963, 117.2(3). This order of summary judgment was properly granted "with prejudice". As far as plaintiff's petition for injunctive relief is concerned, no purpose would be served by allowing plaintiff to refile.

The decisions of the trial courts are affirmed.