ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION #1

Docket No. 71163. Submitted March 7, 1984, at Lansing.—Decided June 12, 1984.

The Public Service Commission ordered the continuation of an "Other Operations and Maintenance Expense Indexing System" in granting a rate request to Michigan Consolidated Gas Company. That system indexes a portion of the rates to the national Consumer Price Index. The commission also relied in setting the utility's rates on a cost figure supplied by the company which had not formally been introduced into evidence. The Attorney General sought review of the commission's order in the Ingham Circuit Court, which affirmed, Jack W. Warren, J. The Attorney General appealed. *Held:*

1. The Attorney General did not preserve the issue of the propriety of the indexing system by filing exceptions to the proposal for decision before the Public Service Commission in a timely manner. The failure to file timely exceptions constitutes a waiver of any objections not otherwise raised.

2. The "Other Operations and Maintenance Expense Indexing System" is valid.

3. The Attorney General was not prejudiced by the commission's adoption of the cost figure which was contained in an official report of the company. The report was available to the Attorney General and the cost figure itself was not in dispute.

Affirmed.

1. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — FAILURE TO FILE EXCEPTIONS.

Failure of a party to a rate-setting hearing before the Public Service Commission to file exceptions to a proposal for decision in a timely manner constitutes a waiver of any objections not raised in the hearing (MCL 24.281; MSA 3.560[181]).

2. PUBLIC UTILITIES — RATE ADJUSTMENTS — INDEXING.

The Public Service Commission has the statutory power to index

REFERENCES FOR POINTS IN HEADNOTES
[1] 64 Am Jur 2d, Public Utilities §§ 240-243.
[2, 3] 64 Am Jur 2d, Public Utilities § 173 *et seq.*

rate adjustments for operation and maintenance expenses of public utilities to the national Consumer Price Index.

3. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — EVIDENCE.

The Public Service Commission may adopt a cost figure in an official report of a public utility company in setting a rate for that company where the figure was available to the other parties to the case and was not in dispute, even though the report was not formally introduced into evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for the Attorney General.

*Don L. Keskey* and *R. Philip Brown,* Assistants Attorney General, for the Public Service Commission.

*Foster, Swift, Collins & Coey, P.C.* (by *Webb A. Smith* and *William K. Fahey),* and *David P. Van Note* and *Daniel L. Schiffer,* for Michigan Consolidated Gas Company.

Before: CYNAR, P.J., and R. B. BURNS and R. L. TAHVONEN,* JJ.

PER CURIAM. The Attorney General appeals from an April 6, 1983, opinion and April 22, 1983, order of the Ingham County Circuit Court. In the opinion and the order, the trial judge affirmed a January 30, 1981, order of appellee Michigan Public Service Commission (PSC). The case was before the court for judicial review, pursuant to MCL 462.26; MSA 22.45, of the PSC's order granting certain rate relief to appellee Michigan Consolidated Gas Company.

The PSC's order authorized a continuation of an "Other Operations and Maintenance Expense In-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dexing System". The Other O & M System is a
formula which operates to increase the rate com-
ponent for other operations and maintenance ex-
pense by a percentage equal to the change in the
consumer price index for the 12-month period
ending the preceding August. Other Operations
and Maintenance expense is a category of expen-
ses that makes up approximately 10%-12% of
Michigan Consolidated's total cost of operations.
The trial judge declined to rule on the Attorney
General's claims of error with respect to approval
of the Other O & M System, because the portion of
the Attorney General's exceptions addressing the
Other O & M System was not timely filed with the
PSC.

The other issue on appeal concerns selection of a
proper cost of gas purchased by Michigan Consoli-
dated. The PSC had before it recommendations,
made at the hearing before the hearing officer,
that the December, 1979, level be used (from the
Attorney General); that the April, 1980, level be
used (from the PSC staff); and that the latest
possible monthly rate be used (from Michigan
Consolidated). After the evidentiary hearing was
closed, Michigan Consolidated submitted, shortly
before the PSC's decision, the cost of the gas
purchased as of November, 1980. No party had a
chance to cross-examine as to this amount, al-
though it was taken from regularly reported fig-
ures for the cost of purchased gas, just as were the
amounts urged by the PSC staff and the Attorney
General for the earlier dates.

The issues as stated by appellant are:

I. "Where the State Public Service Commission, in its
January 30, 1981, rate order in *Re Michigan Consoli-
dated Gas Co,* Case No. U-6372, continued and rea-
dopted an "Other Operations and Maintenance Expense

Indexing System", was the circuit court precluded, as a matter of law, from determining the lawfulness of such indexing system, under the circumstances of this case, solely on the basis that the Attorney General's exceptions to the hearing officer's recommendation had been filed several days late?"

II. "Did the PSC act unlawfully in continuing and readopting, in its January 30, 1981, order in Case U-6372, an "Other Operations and Maintenance Expense Indexing System", whereby gas rates would be adjusted annually based solely upon the percentage change in a consumer price index?"

III. "Did the PSC act unlawfully in its January 30, 1981, order in Case U-6372, in determining the cost of gas purchased by Michigan Consolidated to be $3.014/ Mcf (thousand cubic feet), based solely upon a document prepared and delivered by [Michigan Consolidated] to the Commission after the evidentiary record had been closed, and without notice to the parties that the Commission intended to take official notice of such document; when the highest cost of gas supported by record evidence was $2.4497/mcf?"

I

The trial judge stated:

"The Attorney General claims the MPSC erred in again adopting the 'other operation and maintenance expense indexing system'. This system had previously been adopted in rate Case No. U-5955. [Michigan] Consolidated claims the Attorney General did not properly preserve this issue for appeal.

"During the hearings the Attorney General objected to any plan to index expenses. But these arguments were not raised in the Attorney General's exceptions to the proposal for decision. The only objections raised were made in a proposed set of exceptions submitted after the deadline set by the administrative law judge. The Attorney General's motion for an extension of time was denied. The commission also refused to consider the proposed exceptions. After review of the record, this

court concludes that the Attorney General's motion to extend the deadline was properly denied.

"Failure by a party to file exceptions to the proposal for decision in a timely manner constitutes a waiver of any objections not raised. MCL 24.281; MSA 3.560(181). *Robertson v Transit Union,* 91 Mich App 429; 283 NW2d 766 (1979).[1] Appellant's objections to indexing were not raised in the exceptions to the proposal for decision. By not timely raising any objections, the appellant did not give the commission an opportunity to correct any alleged errors. Therefore, these issues have not been preserved for appeal.

---

"[1] Although the Court's opinion in *Robertson* refers only to the Public Employment Relations Act, MCL 423.216(b); MSA 17.455(16)(b), the same rationale applies to § 81 of the Administrative Procedures Act, MCL 24.281; MSA 3.560(181)."

---

We agree with the trial judge.

In addition, the "Other Operations and Maintenance Expense Indexing System" was upheld in *Attorney General v Public Service Comm,* 133 Mich App 719; 349 NW2d 539 (1984). We agree with that decision.

## II

This issue was decided in *Attorney General v Public Service Commission, supra,* upholding the validity of the Other O & M System.

## III

The Attorney General claims the PSC erred in using the November, 1980, cost of gas in calculating the base rate for lost and unaccounted-for gas. The basis of appellant's objection is that the November figure was not a part of the PSC record.

The cost figure, as well as the alternative cost figure favored by the Attorney General, was taken

from Michigan Consolidated's purchased gas adjustment report. No objections have been raised as to the accuracy of the report in question.

The Supreme Court in *Ishpeming v Public Service Comm,* 370 Mich 293, 314; 121 NW2d 462 (1963), stated the facts of that case as follows:

" 'The record in this case is clear that the appellant well knew the official reports of the company were studied and relied upon by the commission and its staff; appellant had full and adequate opportunities to investigate the data and information contained in such reports; appellant made no objections to commission staff conclusions and testimony based upon such official reports; appellant has never claimed the information contained in said reports is untrue or unreliable or that such information has been in any manner misinterpreted; and there is no claim of resulting prejudice from the commission and its staff relying upon the facts and information contained in said reports. Appellant merely says the commission had no legal right to take judicial notice of these official reports and acted arbitrarily and unlawfully in so doing.' "

As in *Ishpeming,* the appellant in this case does not dispute the accuracy or materiality of the cost figure itself. The only dispute is over whether the PSC could take judicial notice of a cost figure in an official report of the company. These reports, like those in *Ishpeming,* were available to appellant for examination and investigation. In *Ishpeming* the Supreme Court found that the appellant was not prejudiced by the failure to introduce official reports into evidence. It is the opinion of this Court that the appellant in this case is likewise not prejudiced by the PSC's adoption of a cost figure from a report that was not formally introduced into evidence, at least where, as here, the figure itself is not in dispute.

Affirmed.