ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

Docket No. 86136. Submitted June 4, 1986, at Lansing. Decided
    November 5, 1986.

  The Public Service Commission in 1978 created an "Other Opera-
  tions and Maintenance Expense Indexing System" for both the
  Detroit Edison Company and Consumers Power Company
  which permitted determination of allowable utility rate in-
  creases based on increases in Edison's and Consumers' operat-
  ing and maintenance expenses. Each utility could impose a
  surcharge each year on customers' bills equal to the percentage
  change in the National Consumer Price Index occurring during
  the twelve-month period ending the preceding August. On
  September 28, 1982, Edison filed a request with the commission
  seeking authority to impose a rate hike consistent with the
  indexing system. On November 1, 1982, Consumers filed a
  similar request. Proposals D and H were approved by the
  electorate at the November 2, 1982, general election, both of
  which purported to abolish utility rate adjustment clauses, but
  in apparently conflicting ways. On November 22, 1982, the
  Ingham Circuit Court, Thomas L. Brown, J., issued a temporary
  restraining order restraining enforcement of Proposals D and H,
  with the exception of two provisions of the proposals: (1) that
  rates being charged by a utility pursuant to an automatic fuel
  or purchased gas adjustment clause could not be altered,
  changed or amended without notice and a complete hearing
  and (2) all adjustment clauses that operate without notice and
  an opportunity for full and complete hearing were abolished.
  The Supreme Court subsequently held that Proposal H pre-
  vailed over Proposal D in its entirety. In December, 1982, the
  Attorney General moved to dismiss Edison's and Consumers'
  rate hike requests on the ground that they violated the tempo-
  rary restraining order issued by the circuit court. On January
  31, 1983, the commission issued an order continuing the exist-

REFERENCES

Am Jur 2d, Administrative Law §§ 755 et seq.

Am Jur 2d, Public Utilities §§ 88 et seq.; 321 et seq.

See the annotations in the Index to Annotations under Administra-
    tive Law; Public Service Commission; Utilities.

ing rates pending the completion of existing general rate cases and denying the requests for increases. The Attorney General then filed a complaint against the Public Service Commission, the Detroit Edison Company and Consumers Power Company in Ingham Circuit Court seeking to set aside the commission's order freezing the 1982 rates and requesting refunds of all money collected under the indexing system surcharges after November 22, 1982. The court, Robert Holmes Bell, J., affirmed the order of the Public Service Commission, finding that the indexing system had not been rendered unlawful by the passage of Proposal H. The Attorney General appealed.

The Court of Appeals *held:*

1. The Attorney General's contention that the indexing system provides for automatic surcharges which violate the full and complete hearing provisions of Proposal H is without merit.

2. The Attorney General's contention that the commission's order allowing the existing surcharge violated the hearing requirements of the Public Service Commission act, the rate-making standards of the electric act and common law is also without merit.

3. The Attorney General's contention that the commission's order is not supported by any evidence on the record in contravention of the Administrative Procedures Act is of no avail. The order of the commission continuing the existing surcharges was an interim order and therefore was not required to be supported by competent, material and substantial evidence on the whole record. The commission's order was both lawful and reasonable.

Affirmed.

1. PUBLIC UTILITIES — RATE ADJUSTMENTS — INDEXING — PROPOSAL H.

Proposal H, approved by the electorate at the November 2, 1982, general election, abolished automatic rate adjustment clauses for public utilities and prohibited utility rate increases without notice and hearing; it did not abolish or bar use of nonautomatic adjustment clauses operating after notice and hearing, such as the Other Operations and Maintenance Expense Indexing System created by the Public Service Commission in 1978 for Detroit Edison Company and Consumers Power Company (MCL 460.6a, 460.6b; MSA 22.13[6a], 22.13[6b]).

2. PUBLIC UTILITIES — RATE ADJUSTMENTS — INDEXING — NOTICE — HEARING.

The Other Operations and Maintenance Expense Indexing Systems created by the Public Service Commission in 1978 for

Detroit Edison Company and Consumers Power Company do not violate the notice and hearing requirements of the Public Service Commission act, the electric act, or the common law (MCL 460.1 *et seq.,* 460.551 *et seq.;* MSA 22.13[1] *et seq.,* 22.151 *et seq.*).

3. PUBLIC UTILITIES — ADMINISTRATIVE LAW — INTERIM RATE IN-
   CREASES — STANDARD OF REVIEW.

A decision or order of the Public Service Commission granting interim rate relief need not be supported by findings of fact and conclusions of law based on competent, material, and substantial evidence on the whole record, but is to be reviewed under the less demanding standard of whether the decision or order was unlawful or unreasonable (Const 1963, art 6, § 28; MCL 460.6a, 462.26[a]; MSA 22.13[6a], 22.45[a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *Philip J. Rosewarne,* Assistant Attorneys General, for the Public Service Commission.

*The Detroit Edison Company Legal Department* (by *A. Robert Pierce, Jr.,* and *Bruce R. Maters*), for the Detroit Edison Company.

Consumers Power Company (by *Lawrence B. Lindemer, Allen B. Bass,* and *David A. Mikelonis*), and *Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *George W. Loomis, Michael G. Oliva,* and *Ronald W. Bloomberg*), for Consumers Power Company.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

PER CURIAM. On January 31, 1983, the Michigan

* Circuit judge, sitting on the Court of Appeals by assignment.

Public Service Commission issued an opinion and order continuing the existing surcharges collected by both Consumers Power and Detroit Edison pursuant to their "Other Operations and Maintenance (O & M) Expense Indexing Systems" until completion of the pending general rate cases of each company. The commission denied each utilities' request for an increase of the existing surcharge. Ingham Circuit Judge Robert Holmes Bell affirmed the commission's order on June 10, 1985. The Attorney General now appeals as of right.

The Other O & M Indexing Systems were originally created for Edison and Consumers Power in 1978. The systems permitted determination of allowable utility rate increases based on increases in Edison's and Consumers' operation and maintenance expenses. Under the system, each utility could impose a surcharge each year on customers' bills equal to the percentage change in the National Consumer Price Index (CPI) occurring during the twelve-month period ending the preceding August. The systems were implemented annually at the request of the utilities. Annual hearings were held for the commission to determine the degree of change in the CPI and to apply the CPI adjustment factor to the indexing system formula (established in the 1978 orders which established the systems) to arrive at the surcharge adjustment. The indexing system was upheld as lawful and reasonable by this Court. *Attorney General v Public Service Comm #1,* 136 Mich App 52; 355 NW2d 640 (1984); *Attorney General v Public Service Comm #1,* 133 Mich App 719; 349 NW2d 539 (1984), lv den 422 Mich 910 (1985); *Attorney General v Public Service Comm,* 141 Mich App 505; 367 NW2d 341 (1984), lv den 422 Mich 878 (1985).

Proposal H, passed by the Legislature as 1982 PA 212, was submitted to and approved by the

electorate at the November 2, 1982, general election. Proposal H amended the title of the Public Service Commission act to include the following purpose: "to abolish automatic adjustment clauses; [and] to prohibit rate increases without notice and hearing."

Proposal H further amended § 6a(1) of the act to include the following language:

> There shall be no increase in rates based upon changes in cost of fuel or purchased gas unless notice has been given within the service area to be affected, and there has been an opportunity for a full and complete hearing on the cost of fuel or purchased gas. The rates charged by any utility pursuant to an automatic fuel or purchased gas adjustment clause on the effective date of the amendatory act that added this sentence shall not be altered, changed, or amended unless notice has been given within the service area to be affected, and there has been an opportunity for a full and complete hearing on the cost of the fuel or purchased gas.

Finally, § 6a(2) was amended to include this language:

> On and after the effective date of the amendatory act that added this sentence, the commission shall not have the power to authorize or approve adjustment clauses that operate without notice and an opportunity for a full and complete hearing, and all such clauses shall be abolished. The commission may hold a full and complete hearing to determine the cost of fuel, purchased gas, or purchased power, separately from a full and complete hearing on general rate case; such a separate hearing may be held concurrently with a general rate case. . . . As used in this section, a "full and complete hearing" means a hearing which provides interested parties and a reasonable opportu-

nity to present and cross-examine evidence and present arguments relevant to the specific element or elements of such request which are the subject of the hearing.

At the same time Proposal H passed, Proposal D was also passed. The latter proposal, an initiative grounded on Const 1963, art 2, § 9, amended MCL 460.6a, 460.6b; MSA 22.13(6a), 22.13(6b) to outlaw unilateral fuel, purchased power, and purchased gas adjustment clauses in residential utility rate schedules. Proposal D also prohibited public utilities from passing through fuel costs to customers in increased rates without prior approval at a general rate hearing.

On November 22, 1982, Ingham Circuit Judge Thomas L. Brown issued a temporary restraining order restraining the enforcement of Proposals D and H, both of which purported to abolish utility rate adjustment clauses but in apparently conflicting ways. However, Judge Brown found that Proposals D and H were not conflicting in two respects. Specifically, the rates being charged by a utility pursuant to an automatic fuel or purchased gas adjustment clause could not be altered, changed or amended without notice and a complete hearing, and all adjustment clauses that operate without notice and an opportunity for full and complete hearing were abolished. Judge Brown concluded that in these two respects the proposals should become effective. Subsequently, the Supreme Court held that Proposal H prevailed over Proposal D in its entirety. *In re Proposals D & H,* 417 Mich 409; 339 NW2d 848 (1983).

In the meantime, on September 28, 1982, Edison filed a request for hearing in case No. U-6488 seeking authority to bill its customers another O & M indexing surcharge in the amount of 1.58 mills/

kwh (.99 mills/kwh authorized in January, 1982, set to expire in January, 1983, plus .59 mills/kwh based on a 5.75 percent increase in the CPI) commencing with the billing month of February, 1983. On November 1, 1982, Consumers filed a similar request for hearing in case No. U-5979 seeking another O & M surcharge of 1.43 mills/kwh (.90 mills/kwh authorized in January, 1982, plus .53 mills/kwh based on the percentage increase in the CPI).

In December, 1982, the Attorney General moved to dismiss the requests on the ground that they violated Judge Brown's November 22, 1982, holding. On January 31, 1983, the commission issued an order freezing the existing 1982 O & M surcharges for both utilities and denying the utilities' requests for increases. The Attorney General filed a complaint in circuit court seeking to set aside the order and requesting refunds of all money collected by the surcharges after November 22, 1982.

The circuit court entered partial summary judgment as to the issues with respect to the legality of the indexing system. The case proceeded on the limited question of the effect of Proposal H on the lawfulness of the January 31, 1983, order. On June 10, 1985, the circuit court affirmed the order of the commission.

On appeal, the Attorney General first contends that the commission's order violated Proposal H by failing to terminate the existing Other O & M Expense Indexing System surcharges as of November 22, 1982. The Attorney General contends that the Other O & M Expense Indexing System provides for automatic surcharges which violate the full and complete hearing provisions of Proposal H. We find plaintiff's argument to be without merit. Proposal H addressed the subject of automatic

adjustment clauses and did not abolish or bar use of nonautomatic adjustment clauses operating after notice and hearing. The Other O & M Expense Indexing System utilized the two-step process in which the clause is established in a full and complete hearing and then periodically implemented in a series of annual orders preceded by notice and a limited hearing. In *Attorney General,* 133 Mich App 719, *supra,* this Court upheld the indexing system in the face of a similar challenge. We find that case to be dispositive with respect to this issue.

The Attorney General next contends that the commission's order allowing the existing surcharge violated the hearing requirement of § 6a of the Public Service Commission act, MCL 460.1 *et seq.;* MSA 22.13(1) *et seq.,* even without the amendatory language of Proposal H, the rate-making standards of § 7 of the electric act, MCL 460.551 *et seq.;* MSA 22.151 *et seq.,* and common law. Our decisions in *Attorney General v Public Service Comm #1,* 133 Mich App 726-728, *supra,* and *Attorney General v Public Service Comm #2,* 136 Mich App 515, 518; 358 NW2d 351 (1984), in which we held that the Other O & M Expense Indexing System did not violate notice and hearing requirements, are dispositive on this issue. Accordingly, we find this argument to be without merit.

The Attorney General next contends that the commission's order is not supported by any evidence on the record in contravention of § 85 of the Administrative Procedures Act, MCL 24.285; MSA 3.560(185). The continuances of the existing surcharges ordered by the commission on January 31, 1983, were to apply only until completion of the pending general rate cases when a final decision with regard to the interim validity of the indexing system and with regard to new methods for recov-

ering O & M expenses would be made. We find that the order of the commission continuing the existing surcharges was an interim order and, therefore, was not required to be supported by competent, material and substantial evidence on the whole record. *Great Lakes Steel Div of National Steel Corp v Public Service Comm,* 416 Mich 166; 330 NW2d 380 (1982). Rather, an interim order is subject to review under the "unlawful or unreasonable" test provided at MCL 462.26; MSA 22.45. We agree with the circuit court in finding that the commission's order was both lawful and reasonable. The January 31, 1983, order of the commission continued, at a frozen level, those rate adjustments that had previously been authorized in commission orders of January 26, 1982. Hence it was inappropriate to terminate these surcharges prior to the completion of the rate case in which the expenses the surcharges were meant to cover were addressed on a prospective basis.

In view of the foregoing we find it unnecessary to address the Attorney General's final argument with respect to refund the surcharges collected.

Affirmed.