ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION#1

Docket Nos. 89347, 89471. Submitted April 9, 1987, at Lansing. Decided April 26, 1988.

The Michigan Public Service Commission entered an order on December 29, 1982, granting Michigan Consolidated Gas Company's request for a rate increase granted pursuant to the "Other Operations and Maintenance Indexing System" devised by the commission to permit MichCon to recoup certain administrative and operational expenses. Under the system, the commission established a base amount of such expenses and then the base was automatically increased, and rates automatically increased, each year by the amount of inflation experienced in the prior twelve-month period as measured by the Consumer Price Index. Annual proceedings were held by the commission to determine the percent increase in the consumer price index and to apply the adjustment factor to the indexing system formula to arrive at the automatic base increase. The attorney general brought an action in the Ingham Circuit Court alleging that Proposal H, adopted following the November 2, 1982, general election and certified by the Board of State Canvassers, abolished the indexing system involved herein. MichCon's motion to intervene as a defendant was granted by the trial court, James R. Giddings, J. The Association of Businesses Advocating Tariff Equity also filed a motion to intervene as a party plaintiff. The circuit court denied ABATE's motion to intervene and granted motions for summary disposition by the commission and MichCon. In Docket No. 89347, the Attorney General appeals from the order granting the commission's and MichCon's motions for summary disposition and a subsequent order granting the commission's and MichCon's motions to strike the Attorney General's motion for reconsideration. In Docket No. 89471, ABATE appeals from the denial of its motion to intervene. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

REFERENCES
Am Jur 2d, Public Utilities §§ 133 *et seq.*
See the Index to Annotations under Utilities.

The indexing system does not violate the full and complete hearing provisions of Proposal H. Proposal H addressed the subject of automatic adjustment clauses and did not abolish or bar use of nonautomatic adjustment clauses operating after notice and hearing. The indexing system here utilized a two step process in which the adjustment clause is established in a full and complete hearing and then periodically implemented in a series of annual orders preceded by notice and a limited hearing.

Affirmed.

PUBLIC UTILITIES — RATE ADJUSTMENTS — PROPOSAL H.

Proposal H, approved by the electorate at the November 2, 1982, general election, abolished automatic rate adjustment clauses for public utilities and prohibited utility rate increases without notice and hearing; it did not abolish or bar use of nonautomatic adjustment clauses operating after notice and hearing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for the Attorney General.

*Foster, Swift, Collins & Coey, P.C.* (by *William K. Fahey*), and *Daniel L. Schiffer,* for Michigan Consolidated Gas Company.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Roderick S. Coy* and *Timothy P. Collins*), for The Association of Businesses Advocating Tariff Equity.

*Don L. Keskey* and *Elizabeth R. Schwartz,* Assistant Attorneys General, for the Michigan Public Service Commission.

Before: KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

PER CURIAM. These consolidated appeals arise from a December 29, 1982, order of the Michigan Public Service Commission granting Michigan

* Circuit judge, sitting on the Court of Appeals by assignment.

Consolidated Gas Company's request for a rate increase. The increase was granted pursuant to the "Other Operations and Maintenance Indexing System," an indexing system devised by the commission to permit MichCon to recoup certain administrative and operational expenses.

Under the commission's indexing system, the commission established a base amount of other operations and maintenance expenses and then provided that the base would be automatically increased, and rates would thus also be automatically increased, each year by the amount of inflation that was experienced in the prior twelve-month period as measured by the Consumer Price Index (CPI). Annual proceedings were thus held for the limited purpose of determining the percent increase in the CPI and to apply the CPI adjustment factor to the indexing system formula to arrive at the automatic base increase. In the present case, the commission granted MichCon a $10,000,000 rate increase based on an increase in the CPI experienced during the pertinent twelve-month period. The commission has since abolished the indexing system. The instant dispute is limited to the determination whether the commission was permitted to apply the indexing system to Mich-Con's 1982 request.

In response to the commission's December 29, 1982, order granting MichCon's requested rate increase, the Attorney General filed the instant case with the Ingham Circuit Court. Simultaneously, the Association of Businesses Advocating Tariff Equity (ABATE) filed a motion to intervene as a party plaintiff. On August 22, 1984, the circuit judge denied ABATE's motion to intervene. In Docket No. 89471, ABATE appeals as of right. In Docket No. 89347, the Attorney General appeals as of right from the circuit judge's September 24,

1985, order granting the commission's and Mich-Con's motions for summary disposition. The Attorney General also appeals from the circuit judge's subsequent order granting the commission's and MichCon's motions to strike the Attorney General's motion for reconsideration. This Court consolidated the two appeals.

The principal issue in these appeals involves the application of Proposal H, adopted following the November 2, 1982, general election and certified by the Board of State Canvassers on November 22, 1982, to the commission's December 29, 1982, order authorizing a rate increase pursuant to the commission's indexing system. While the parties have also raised a host of arguments concerning many of the procedural rulings of the circuit judge, it is unnecessary to address these issues since we have considered the substantive arguments raised by both appellants and are resolving the case on its merits.

On appeal, both the Attorney General and ABATE argue that Proposal H abolishes the O & M indexing system since Proposal H purported to abolish all automatic adjustment clauses and since it requires a full and complete hearing prior to the granting of a rate increase.

This Court has recently considered and rejected both of these arguments in *Attorney General v Public Service Comm,* 157 Mich App 198; 403 NW2d 467 (1986). There this Court stated:

> On appeal, the Attorney General first contends that the commission's order violated Proposal H by failing to terminate the existing Other O & M Expense Indexing System surcharges as of November 22, 1982. The Attorney General contends that the Other O & M Expense Indexing System provides for automatic surcharges which violate the

full and complete hearing provisions of Proposal H. We find plaintiff's argument to be without merit. Proposal H addressed the subject of automatic adjustment clauses and did not abolish or bar use of nonautomatic adjustment clauses operating after notice and hearing. The Other O & M Expense Indexing System utilized the two-step process in which the clause is established in a full and complete hearing and then periodically implemented in a series of annual orders preceded by notice and a limited hearing. In [*Attorney General v Public Service Comm #1,* 133 Mich App 719; 349 NW2d 539 (1984)], this Court upheld the indexing system in the face of a similar challenge. We find that case to be dispositive with respect to this issue. [157 Mich App 204-205.]

We find *Attorney General v Public Service Comm,* 157 Mich App 198, *supra,* to be dispositive of the substantive arguments raised by both the Attorney General and ABATE. Accordingly, the grant of summary disposition in favor of both the commission and MichCon is affirmed.

Affirmed.