*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

ST. PAUL PHARMACY,

    Plaintiff-Appellant,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

    Defendant-Appellee.

UNPUBLISHED
August 15, 2024

No. 362579
Ingham Circuit Court
LC No. 19-000842-AA

---

Before: REDFORD, P.J., and GADOLA, C.J., and RIORDAN, J.

PER CURIAM.

Plaintiff, St. Paul Pharmacy (St. Paul), appeals by leave granted[1] the circuit court's order upholding a decision by defendant, the Department of Health and Human Services (DHHS), requiring St. Paul to repay $734,647.03 in Medicaid overpayments. We affirm.

This case involves a fiscal audit of St. Paul by DHHS's Office of Inspector General. The audit, encompassing transactions from August 1, 2012, to May 31, 2016, resulted in a finding by DHHS that St. Paul owed $734,647.03 for Medicaid fee-for-service overpayments. The audit method DHHS employed is referred to as an invoice/inventory reconciliation audit (IR audit). An IR audit involves comparing wholesale quantities of drugs ordered to amounts billed; if fewer drugs were ordered than were billed, the apparent excess in Medicaid billing is to be recovered by DHHS. St. Paul contested the amount alleged to be owed, but after an evidentiary hearing, an administrative law judge (ALJ) upheld the assessment in a lengthy and detailed proposal for decision (PFD). The director of DHHS adopted the PFD without elaboration. St. Paul appealed the decision to the circuit court. The circuit court concluded that the appeal of the final administrative decision by St. Paul was subject to dismissal because St. Paul had not filed any

---

[1] *St Paul Pharmacy v Dep't of Health & Human Servs*, unpublished order of the Court of Appeals, entered June 13, 2023 (Docket No. 362579).

exceptions to the PFD before the director's final decision. The circuit court also ruled that, in any event, no errors requiring reversal were apparent.

On appeal, St. Paul contends that the panel in *ER Drugs v Dep't of Health & Human Servs*, 341 Mich App 133; 988 NW2d 826 (2022)—a case involving a pharmacy owned by the same man, Raad Kouza, who owns St. Paul—wrongly concluded that a party must file exceptions to a PFD in order to raise corresponding issues on appeal. St. Paul contends that we should therefore call for a conflict panel under MCR 7.215(J)(2) to challenge the pertinent holding of *ER Drugs*. We note that our Supreme Court denied leave to appeal in *ER Drugs*. 977 NW2d 558 (2022). St. Paul additionally argues that (1) a prior audit conducted by a DHHS contractor barred the audit at issue in this case under the doctrine of res judicata; (2) DHHS's decision regarding the required repayment amount rested on faulty evidence, with DHHS improperly rejecting additional evidence proposed by St. Paul; and (3) DHHS had no authority to apply an IR audit to periods preceding the implementation of subsection 19.2 of the Pharmacy chapter of the Medicaid Provider Manual, which was implemented on July 1, 2015, and which set forth information pertaining to such audits.

We reject St. Paul's argument that the circuit court erred by concluding that St. Paul's circuit court appeal was not viable because it failed to file any exceptions to the PFD.[2] St. Paul cites MCL 24.281(1) and argues that because the DHHS director read the entire record in this case, St. Paul did not have an affirmative duty to file exceptions to the PFD in order to be able to raise its substantive issues on appeal. MCL 24.281(1) provides:

> *When the official or a majority of the officials of the agency who are to make a final decision have not heard a contested case or read the record*, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision is served on the parties, and an opportunity is given to each party adversely affected to file exceptions and present written arguments to the officials who are to make the decision. Oral argument may be permitted with consent of the agency. [Emphasis added.]

St. Paul's argument is controlled by *ER Drugs*. In *ER Drugs*, 341 Mich App at 138-139, this Court, in considering the same argument made by the pharmacy in that case, first set out the full text of MCL 24.281:[3]

> (2) The proposal for decision shall contain a statement of the reasons therefor and of each issue of fact and law necessary to the proposed decision, prepared by a person who conducted the hearing or who has read the record.

---

[2] As an alternative basis for affirmance, DHHS argues that the circuit court lacked jurisdiction to entertain St. Paul's appeal in the first instance given the untimeliness of that appeal. We find this to be a fairly persuasive argument, but ultimately it is unnecessary to reach and decide the issue because of St. Paul's wholesale failure to file an exception to the PFD.

[3] We shall not repeat MCL 24.281(1).

(3) The decision, without further proceedings, shall become the final decision of the agency in the absence of the filing of exceptions or review by action of the agency within the time provided by rule. On appeal from or review of a proposal of decision the agency, except as it may limit the issue upon notice or by rule, shall have all the powers which it would have if it had presided at the hearing.

(4) The parties, by written stipulation or at the hearing, may waive compliance with this section.

The *ER Drugs* panel then proceeded to state:

At the time the ALJ issued its PFD, the "official" who was to "make a final decision"—i.e., the director of DHHS—had not heard the contested case and had not yet read the record. While the director eventually did read the record, he had not done so at the time of the ALJ's ruling. MCL 24.281(1) refers to an action to be undertaken in the future (providing that "officials of the agency . . . are to make a final decision"). And one must keep in mind the maxim that statutes are to be read as a whole. . . . Reading MCL 24.281(1) and (2) together indicates that the statutory scheme is referring to exactly the type of situation that took place in the present case: an ALJ undertook the initial review (by conducting a hearing or reading the record), and the official who was to be the final decisionmaker and who had *not yet* read the record at the time of the ALJ's initial review later made a final decision. This conclusion is reinforced by the fact that MCL 24.281(3) states that an agency, on review of a PFD, "shall have all the powers which it would have if it had presided at the hearing." [*ER Drugs*, 341 Mich App at 139-140 (initial ellipsis in original).]

This Court then cited pertinent caselaw:

In *Attorney General v Pub Serv Comm*, 136 Mich App 52, 56; 355 NW2d 640 (1984), the Court, citing MCL 24.281, indicated that the failure to file exceptions to a PFD constitutes a waiver of objections not raised. See also *Robertson v Local Div 26, Amalgamated Transit Union*, 91 Mich App 429, 432-433, 283 NW2d 766 (1979). ER Drugs states that these decisions are not binding because they predate November 1, 1990. See MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule."). We note, however, that published cases predating November 1, 1990, still hold value. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114; 923 NW2d 607 (2018) ("[T]his Court may not be strictly bound to follow older published cases, but traditionally regards them as retaining some authority, at least if they were not disputed by some other contemporaneous case.").

In addition, in a more recent case that has precedential value, *In re MCI Telecom Corp Complaint*, 240 Mich App 292, 310; 612 NW2d 826 (2000), the

Court held that the failure to raise exceptions to a PFD constituted waiver of the issue[.]  [*ER Drugs*, 341 Mich App at 140-141 (alteration in original).]

The Court concluded:

> In light of the above analyses and in light of the language in MCL 24.281(3) that "[t]he decision, without further proceedings, shall become the final decision of the agency in the absence of the filing of exceptions"—language that emphasizes the importance of filing exceptions—we reaffirm the pertinent principle from the *Attorney General v Pub Serv Comm* case decided in 1984.  [*ER Drugs*, 341 Mich App at 141.]

Clearly, *ER Drugs* controls the argument regarding exceptions currently being advanced by St. Paul, and *ER Drugs* is binding under MCR 7.215(J)(1).  St. Paul argues that *ER Drugs* was wrongly decided on this point and contends that we should call for a conflict panel under MCR 7.215(J)(2).  Significantly, however, the principle expressed in *ER Drugs* was reaffirmed in yet another recent, published opinion.  In *Meier v Pub Sch Employees' Retirement Sys*, 343 Mich App 571, 579; 997 NW2d 719 (2022), the Court stated:

> [P]laintiff failed to raise [his] argument in his objections to the ALJ's proposal for decision. The failure to object to a proposal for decision waives "any objections not raised." This rule makes good sense because the failure to assert an exception to a proposal for decision deprives the agency of the opportunity to correct its error. The waiver extinguishes any error and precludes appellate review. [Citations omitted.]

Two recent panels of this Court, then, have agreed with the "exceptions" requirement.  In addition, the *ER Drugs* decision was well reasoned with respect to the manner in which it interpreted the statutory language.[4]  We thus decline to call for a conflict panel.

---

[4] It is true that in *ER Drugs*, the Court characterized the *In re MCI Telecom* opinion as referring to a "waiver," whereas that latter opinion only referred to a "fail[ure] to preserve" an issue.  *ER Drugs*, 341 Mich App at 141; *In re MCI Telecom*, 240 Mich App at 310.  But that was only one part of the analysis engaged in by the panel in *ER Drugs*.

We lastly note that even were we to address the substantive arguments made by St. Paul on appeal, we would find no basis for reversal because the arguments raised were addressed—and resolved in DHHS's favor—in *ER Drugs* and *Dearborn Hts Pharmacy v Dep't of Health & Human Servs*, 338 Mich App 555; 980 NW2d 736 (2021).

Affirmed. Having fully prevailed on appeal, DHHS may tax costs under MCR 7.219.


/s/ James Robert Redford
/s/ Michael F. Gadola
/s/ Michael J. Riordan