CHRYSLER CORPORATION v WORKERS' COMPENSATION
APPEAL BOARD

Docket No. 93069. Submitted July 28, 1987, at Detroit. Decided
October 26, 1988.

James Ashton, an employee of Chrysler Corporation, filed a
petition with the Bureau of Workers' Disability Compensation
alleging the occurrence of a personal injury arising out of and
in the course of his employment resulting in disabilities. Chrys-
ler and Ashton reached an agreement whereby Chrysler would
pay Ashton a lump sum to redeem all liability for the injury. A
hearing officer approved the redemption agreement and an
order to that effect was entered. Following expiration of the
fifteen-day appeal period, the order became final and payment
was made to Ashton. Eight months later, Ashton filed an
application for delayed appeal with the Workers' Compensation
Appeal Board. The board granted a delayed appeal. Following a
hearing, the Appeal Board concluded that it had statutory
authority to grant a delayed appeal from a hearing officer's
order approving a redemption agreement even though the
redemption order had since become final. The board also con-
cluded that the Bureau of Workers' Disability Compensation
had concurrent jurisdiction with the circuit court to consider
the question whether the redemption order should be rescinded
on the basis of misrepresentation or mutual mistake of fact.
The matter was then remanded to the bureau for a hearing to
determine whether Ashton's pension benefits were terminated
and whether the redemption was based upon a mistake of fact.
Chrysler sought leave to appeal the board's decision to the
Court of Appeals, which dismissed the application for lack of
jurisdiction, concluding that Chrysler was seeking to appeal
from an interlocutory order of the Appeal Board. Chrysler then
sought leave to appeal to the Supreme Court, which also denied
leave to appeal, 425 Mich 854 (1986). Chrysler Corporation then
filed a complaint for superintending control in the Court of

REFERENCES

Am Jur 2d, Courts §§ 107-110; Workmen's Compensation §§ 459 *et
seq.*

See the Index to Annotations under Worker's Compensation.

Appeals, challenging the propriety of the WCAB review of the delayed appeal.

The Court of Appeals *held:*

1. The procedure for appeal from an order of a bureau hearing officer approving a redemption agreement is provided by MCL 418.837(2); MSA 17.237(837)(2), not MCL 418.851; MSA 17.237(851). Under MCL 418.837(2); MSA 17.237(837)(2), there is a fifteen-day appeal period, with no authority for a delayed appeal being granted. The appeal procedure provided in MCL 418.851; MSA 17.237(851) is limited to substantive disputes over questions of law and fact governing the right to compensation under the Workers' Disability Compensation Act and is not applicable to appeals of orders approving redemption agreements. The fifteen-day rule precludes the board from examining the factual merits of the redemption order when the appeal is untimely, and Ashton's appeal was untimely. The WCAB lacked jurisdiction to entertain Ashton's delayed appeal.

2. Ashton has the right to invoke the equitable jurisdiction of the circuit court with regard to the redemption agreement.

Order of superintending control granted.

1. SUPERINTENDING CONTROL — ALTERNATIVE REMEDIES.

Superintending control is premised upon the power of the court to compel a lower court or tribunal, including an administrative agency with judicial or quasi-judicial powers, to perform a clear legal duty; superintending control should not issue if the plaintiff has another plain, speedy, adequate remedy by way of direct appeal from the lower court action of which the plaintiff complains.

2. WORKERS' COMPENSATION — APPEAL — REDEMPTION AGREEMENTS.

The appeal procedure set forth in § 851 of the Workers' Disability Compensation Act is limited to substantive disputes over questions of law and fact governing the right to compensation under the act; it does not apply to orders approving redemption agreements (MCL 418.851; MSA 17.237[851]).

3. WORKERS' COMPENSATION — REDEMPTION AGREEMENTS — DELAYED APPEAL.

There is a fifteen-day appeal period after the Bureau of Workers' Disability Compensation approves a workers' compensation claim redemption agreement; once that fifteen-day period expires, the redemption order becomes final and the Workers' Compensation Appeal Board is precluded from examining the factual merits of the redemption order; there is no provision in the Workers' Disability Compensation Act for a delayed appeal

of an order approving a redemption agreement (MCL 418.837[2]; MSA 17.237[837][2]).

*Lacey & Jones* (by *Stephen Jay Schwartz*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *R. Philip Brown,* Assistant Attorney General, for defendant.

Before: GRIBBS, P.J., and HOLBROOK, JR., and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiff filed a complaint for superintending control, challenging the propriety of the Workers' Compensation Appeal Board review of a delayed appeal from an order of the hearing referee approving plaintiff's redemption agreement with James Ashton. We grant superintending control on the ground that the WCAB lacked jurisdiction to entertain a delayed appeal from a redemption order.

Initially, we note that superintending control is premised upon the power of the court to compel a lower court or tribunal, including an administrative agency with judicial or quasi-judicial powers, to perform a clear legal duty. *Beer v City of Fraser Civil Service Comm,* 127 Mich App 239, 242-243; 338 NW2d 197 (1983). See also *In re People v Burton,* 429 Mich 133; 413 NW2d 413 (1987). Superintending control should not issue if the plaintiff has another plain, speedy, adequate remedy by way of direct appeal from the lower court action of which the plaintiff complains. *Beer,* p 243; *Chrysler Corp v Dep't of Civil Rights,* 117 Mich App 95, 102; 323 NW2d 608 (1982). See also MCR 3.302(D)(2). Under the procedural posture in which this case is presented, we reject the WCAB's argu-

* Circuit judge, sitting on the Court of Appeals by assignment.

ment that plaintiff's appropriate remedy in lieu of superintending control is to adhere to its administrative remedies and then to appeal at such time that a final order is issued by the wcab. When an administrative agency makes an erroneous preliminary determination of its jurisdiction or authority, leaving the aggrieved party to appellate relief only after exhausting administrative proceedings, something less than a plain, speedy, and adequate remedy results. In *East Jordan Iron Works v WCAB,* 124 Mich App 324; 335 NW2d 23 (1983), lv den 418 Mich 948 (1984), this Court examined the adequacy of the plaintiff's right to appeal under similar circumstances:

> The orderly administration of the judicial system may, on occasion, require a party to defend against a meritless action, but no such consideration supports requiring a party to participate in proceedings beyond the court's or tribunal's jurisdiction. The board's order of April 17, 1981, was one which it had no jurisdiction to enter. Under the circumstances presented here, we cannot say that an appeal after further proceedings before the bureau would be an adequate remedy. [*Id.,* p 332.]

Relief in the form of superintending control was granted. See also *Chrysler Corp v Civil Rights Comm,* 68 Mich App 283, 289; 242 NW2d 556 (1976).

In this case, one of plaintiff's contentions in support of superintending control is that the wcab exceeded its statutory authority by entertaining the delayed appeal. We conclude that superintending control is both appropriate under these facts and preferable to requiring plaintiff to defend further administrative proceedings before raising

the contention by an appeal from a final order.[1] Because we conclude that this issue is dispositive, we need not address plaintiff's other substantive arguments in support of its complaint for superintending control.

When, as in this case, the parties agree to redeem workers' compensation obligations by a lump sum settlement, the proposed redemption agreement must be submitted by hearing to a referee for approval. See MCL 418.835; MSA 17.237(835), MCL 418.836; MSA 17.237(836). The procedure for appeal from the order of the hearing referee is provided by § 837 of the Workmen's Compensation Act of 1969:

> The director may, or upon the request of any of the parties to the action shall, review the order of the hearing referee entered under this section. Unless review is ordered or requested within 15 days of the date the order of the hearing referee is mailed to the parties, the order shall be final. In the event of review and in accordance with such rules as the director may prescribe and after hearing, the director shall enter such order as he deems just and proper. Any such order of the director may be appealed to the board within 15 days after the order is mailed to the parties. [1969 PA 317, MCL 418.837(2); MSA 17.237(837)(2).][2]

At the risk of pointing out the obvious, we note that no authority for a delayed appeal is provided by this section.

---

[1] Both this Court and the Supreme Court have previously denied plaintiff's applications for leave to appeal the WCAB's interlocutory order. *Ashton v Chrysler Corp*, Docket No. 83291; unpublished order released May 6, 1985, lv den 425 Mich 854 (1986).

[2] Although MCL 418.837; MSA 17.237(837) was amended subsequent to the event salient to this appeal, see 1985 PA 103, the resultant statutory revisions would not alter our legal analysis of the issue presented here. In this opinion, all references to statutes are in the form in effect at the time of the occurrences underlying this appeal.

The WCAB argues that authority to entertain a delayed appeal is to be found in § 851:

> The hearing referee assigned to any hearing in accordance with the provisions of section 847 shall make such inquiries and investigations as he shall deem necessary. The hearing shall be held at the locality where the injury occurred and the order of the hearing referee shall be filed with the bureau. Unless a claim for review is filed by a party within 15 days, the order shall stand as the order of the bureau. For sufficient cause shown, the board may grant further time in which to claim such review. [1969 PA 317, MCL 418.851; MSA 17.237(851).][3]

Plaintiff argues that this section is inapplicable in the context of review of the referee's approval or rejection of a redemption agreement. Since § 851 refers to § 847 [MCL 418.847; MSA 17.237(847)], the general statutory provision for hearings resolving disputed workers' compensation claims, plaintiff argues that the § 851 appeal procedure is limited to substantive disputes over questions of law and fact governing the right to compensation under the act. We find ourselves in agreement with plaintiff's position and conclude that the Legislature's omission of a delayed appeal procedure for orders approving redemption agreements manifests an intention to accord a greater degree of finality to the parties' contractual resolution of liability for work-related personal injuries. Because the Legislature has, by its enactment of § 837, provided the procedure for appeal of redemption orders with a clear and unambiguous degree of specificity, it would be wholly unwarranted for us to judicially impose the § 851 provision for delayed appeal onto the redemption proceedings.

---

[3] The last sentence of the quoted statute is now referenced as MCL 418.851a; MSA 17.237(851a).

Our conclusion finds support in *Roberts v Marquette General Hospital,* 127 Mich App 301; 338 NW2d 393 (1983), lv den 418 Mich 968 (1984), where this Court upheld the WCAB's determination that the director lacked jurisdiction to entertain an appeal pursuant to § 837 on the basis of the director's entry of an order granting review upon his own initiative after the expiration of the fifteen-day period. It would be anomalous for us to hold that the WCAB may grant a delayed appeal upon the request of the parties even though under *Roberts* the director is unable to exercise his sua sponte statutory prerogative of redemption review on a delayed basis.

In *Walker v United States Equipment Co,* 94 Mich App 454; 290 NW2d 36 (1979), this Court held that the director has jurisdiction to entertain a delayed appeal from a redemption order when that appeal challenges the authority and jurisdiction of the referee to issue the order. Although we need not express our views on the holding in *Roberts,* we note the underlying necessary assumption—that the fifteen-day rule "precludes the board from examining the factual merits of the redemption order" when the appeal is untimely. *Id.,* p 457.

Our decision is without prejudice to the claimant's right to invoke the equitable jurisdiction of the circuit court with regard to the redemption agreement. See *Solo v Chrysler Corp (On Reh),* 408 Mich 345; 292 NW2d 438 (1980).

Order of superintending control granted.