# Order

Michigan Supreme Court
Lansing, Michigan

September 22, 2006

128715

JOHN R. JACOBS,
           Plaintiff-Appellee,

v

TECHNIDISC, INC., and PRODUCER'S
COLOR SERVICES, INC.,
           Defendants-Appellees,
and

MICHIGAN MUTUAL INSURANCE
COMPANY n/k/a AMERISURE MUTUAL
INSURANCE COMPANY,
           Intervenor-Appellant.
_____/

SC: 128715
COA: 258271
Oakland CC:  91-405664-NO

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our orders of November 3, 2005 and July 21, 2006.  The application for leave to appeal the February 22, 2005 order of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur with the order to dismiss this case because leave to appeal was improvidently granted.  I agree with the majority that we should not reopen this ancient case, which involves the enforcement of a 1993 consent judgment.  But I write separately because I believe that intervenor-appellant Michigan Mutual Insurance Company's (MMIC) point is correct regarding the circuit court's authority to settle workers' compensation claims in conjunction with third-party cases, an issue MMIC first raised in its postargument supplemental brief.

## I.  Facts and Procedural Posture

After plaintiff suffered a work-related injury in 1988, MMIC, plaintiff's employer's workers' compensation carrier, commenced payment of $397 a week in workers' compensation benefits.  When plaintiff subsequently filed a third-party tort action against defendants, Technidisc, Inc., and Producer's Color Services, Inc., MMIC

intervened to assert its right to reimbursement of past and future payments. The third-party action was resolved by a December 1993 consent judgment awarding plaintiff $612,500. The judgment also ordered plaintiff to reimburse MMIC $65,000 for the workers' compensation payments it already made, and reduced plaintiff's future benefits from $397 a week to $211 a week to account for ongoing reimbursement rights and MMIC's future credit from the third-party tort judgment. MMIC continued to make benefit payments according to this judgment.

In 2003, when plaintiff turned 65 and began to receive old-age social security benefits, MMIC began coordination of its payments to plaintiff.[1] This coordination reduced MMIC's weekly payments to $52.03. Plaintiff objected to this reduction in workers' compensation payments and filed a motion in the circuit court to enforce the 1993 consent judgment. In response, MMIC argued that the circuit court lacked jurisdiction to resolve a dispute relating to the payment of workers' compensation benefits, given that MCL 418.841(1) provides that such questions are reserved for resolution within the workers' compensation system. The circuit court rejected MMIC's argument and ordered MMIC to pay plaintiff $211 a week as provided in the consent judgment. The Court of Appeals denied MMIC's application for leave to appeal.

## II. Analysis

MMIC argues that MCL 418.827(2) does not provide the authority for circuit court settlement of a workers' compensation claim in conjunction with a third-party case. MCL 418.827(2) provides as follows:

> Prior to the entry of judgment, either the employer or carrier or the employee or the employee's personal representative may settle their claims as their interest shall appear and may execute releases therefor.

This subsection allows the settlement of workers' compensation claims, but it does not specify *where* the settlement may occur. The Worker's Disability Compensation Act (WDCA) provides that an employer may settle a workers' compensation claim by "redeeming" its liability. MCL 418.835; MCL 418.837. The Court of Appeals explained this process in *Stimson v Michigan Bell Tel Co*, 77 Mich App 361, 364 n 2 (1977):

> An employer may redeem its liability under the act subject to the approval of a hearing referee. MCLA 418.835; MSA 17.237(835). At a redemption hearing, the referee passes on the propriety of the redemption

---

[1] Under MCL 418.354(1)(a), workers' compensation employers and carriers are permitted to coordinate 50 percent of old-age social security benefits payments. This coordination is permitted automatically, without prior approval of the Workers' Compensation Agency (WCA).

rather than the legitimacy of the claim. *Farrell v Campbell, Wyant & Cannon Foundry Co,* 392 Mich 344; 220 NW2d 450 (1974). Voluntary compromises under the first sentence of MCLA 418.835; MSA 17.237(835) are final settlements of an employer's liability under the act and foreclose a determination of whether a claimant's disabilities arose out of and in the course of employment. *White v Weinberger Builders, Inc,* 49 Mich App 430; 212 NW2d 307 (1973), *aff'd* 397 Mich 23; 242 NW2d 427 (1976). *See, Wehmeier v W E Wood Co,* 377 Mich 176; 139 NW2d 733 (1966). The parties may, however, settle any part of the controversy by a redemption agreement and leave other issues for further litigation. *Bugg v Fairview Farms, Inc,* 385 Mich 338; 189 NW2d 291 (1971).

When the parties agree to redeem workers' compensation obligations by a lump sum settlement, the proposed redemption agreement must be approved by a magistrate. MCL 418.827(1); *Chrysler Corp v Workers' Compensation Appeal Bd*, 174 Mich App 277, 281 (1988). The reason workers' compensation claim settlements must be approved by a workers' compensation magistrate is because the public bears the cost of compensation protection in the price of a product, and the public interest is thwarted when a workers' compensation settlement unnecessarily increases the cost of the product by giving the worker more than his or her due. 8 Larson's Workers' Compensation Law, § 132.04, pp 132-7 to 132-8. Thus, redemption of liability under MCL 418.835; MCL 418.837 is the *only* way an employer's responsibility for workers' compensation obligations can be completely terminated. Welch, Worker's Compensation in Michigan: Law & Practice, (4th ed), § 22.8, p 22-7.

Further, MMIC successfully refutes any notion that the phrase "settle their claims" in MCL 418.827(2) must contemplate the settlement of workers' compensation claims in the circuit court. The phrase "[p]rior to the entry of judgment" in MCL 418.827(2) does not assume that the third-party claims have already been resolved, because the "settle their claims" phrase refers to the third-party action itself and the claims made upon that recovery before the entry of the third-party judgment. This interpretation is supported by subsections 3 and 4 of § 827, which refer to the "claim" as the third-party action.[2]

---

[2] MCL 418.827(3) and (4) provide:

> (3) Settlement and release by the employee is not a bar to action by the employer or carrier to proceed *against the third party for any* interest or *claim* it might have.

> (4) If the injured employee or his or her dependents or personal representative settle their *claim* for injury or death or commence proceedings thereon *against the third party* before the payment of worker's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided. [Emphasis added.]

Further, this interpretation is supported by *Drapefair, Inc v Beitner*, 89 Mich App 531, 538 (1979), where the panel explained that "[u]nder paragraph 2 of this section, the right of an injured employee to settle his *claim against third-party tortfeasors* is recognized." (Emphasis added.) Thus, the circuit court in the instant case did not have the authority to settle the workers' compensation claims.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 22, 2006

Clerk

t0919